**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Carl SANDERS, Defendant-
Appellant.**

**No. 71-2969.**

United States Court of Appeals,
Ninth Circuit.

March 30, 1972.

J. Thomas Hannan (argued), of Lovitt & Hannan, San Francisco, Cal., for defendant-appellant.

Chester G. Moore, III, Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.*

DUNIWAY, Circuit Judge:

Sanders appeals from his conviction by the court sitting without a jury for failure to report as ordered for induction into the Armed Forces, 50 U.S.C. App. § 462. We affirm.

* Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

At his preinduction physical examination, Sanders listed on Standard Form 89 several ailments from which he had suffered, including swollen or painful joints, frequent or severe headaches, frequent indigestion, frequent trouble sleeping, and depression or excessive worry. His systolic blood pressure reading at the preinduction physical examination was 138. Army Regulations 40–501 state that 140 is disqualifying. Sanders claims that his reading of 138 combined with the information on Form 89, required that he be further examined for possible hypertension under AFEES Medical Notes ¶ 13 (January 24, 1969) before a valid induction order could be issued.

■ We do not agree. AR 40–501 provides only that a systolic blood pressure reading of 140 or above disqualifies. AFEES Medical Notes ¶13 provides that individuals with readings between 136 and 139 who have a history of hypertension in the past should be tested further for possible temporary or permanent disqualification. Assuming that the Medical Notes are mandatory and not merely advisory, a question which we need not decide, there was no error here. While Sanders' blood pressure reading was within the range established by ¶13, he did not indicate the requisite history of hypertension on Form 89. It may be that the symptoms listed on his Form 89 were consistent with hypertension, but ¶13 required that there be a positive "history of hypertension in the past." That history was not evident to the examining doctor. It is not the court's job to second guess him.

Sanders also argues that reversal is required because the judge erroneously denied his request under 18 U.S.C. § 3006A(e) for authorization to engage an expert witness, Dr. Raffle, at government expense. The Criminal Justice Act provides that the trial court shall authorize defense counsel to obtain, at government expense, investigative or expert services necessary for an adequate defense "upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them." 18 U.S.C. § 3006A(e) (1). Nothing in the record shows that such a request was made before the trial. After the trial, Sanders' counsel submitted a motion to reopen, accompanied by an offer of proof regarding Dr. Raffle's proposed testimony, and a request that the doctor's fee be paid. The judge denied the motion on the ground that the proffered testimony was insufficient to establish the defense urged—that Sanders' Form 89 indicated a "history of hypertension in the past." Dr. Raffle stated that he was not able to say that the information on appellant's Form 89 indicated a history of hypertension, but rather only that the information would not be inconsistent with a finding that appellant had suffered from hypertension.

■ The purpose of the Criminal Justice Act—to put indigent defendants as nearly as possible in the same position as nonindigent defendants—requires that the district judge exercise his discretion liberally under 18 U.S.C. § 3006A(e). United States v. Schappel, D.C.Cir., 1971, 144 U.S.App.D.C. 240, 445 F.2d 716, 721, n. 13; United States v. Schultz, 8 Cir., 1970, 431 F.2d 907, 911. However, in this case, we do not find prejudicial error or abuse of discretion. "If prejudice has occurred to [appellant] on account of the judge's failure to authorize additional funds, he [appellant] must so establish by clear and convincing evidence." United States v. Washabaugh, 9 Cir., 1971, 442 F.2d 1127, 1130. Sanders' offer of proof indicated that Dr. Raffle's testimony would not have affected the outcome of the trial.

Affirmed.