**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Travis O. SPAULDING,
Defendant-Appellant.**

**Travis O. SPAULDING,
Petitioner-Appellant,**

v.

**Herb MASCHNER, Respondent-Appellee.**

**Nos. 75–2210, 75–2615.**

United States Court of Appeals,
Ninth Circuit.

Sept. 18, 1978.

William J. Bender, Asst. Federal Public Defender (argued), Seattle, Wash., for petitioner-appellant.

Stephen Cooper, Asst. U.S. Atty. (argued), Fairbanks, Alaska, for respondent-appellee.

Before HUFSTEDLER and KENNEDY, Circuit Judges, and NIELSEN, District Judge.*

These are consolidated appeals from the denial of a petition for a writ of habeas corpus and from the judgments entered after appellant's conviction on two counts of use of the mails to extort (18 U.S.C. § 876) and two counts of use of the mails to make a bomb threat (18 U.S.C. § 844[e]).

We find no reversible error and therefore AFFIRM.

The principal thrust of the petition for a writ of habeas corpus was that appellant had been denied his right to a speedy trial. The record shows he was arrested March 9, 1974 and the trial started April 8, 1975.

The record also shows, however, that on August 12, 1974, some five months after his arrest, appellant signed a waiver of his right to a speedy trial and that this waiver was filed August 15, 1974.

■ After a hearing on April 4, 1975 the trial court denied the petition for the writ, and we hold such denial necessarily includes a finding by the trial court that the waiver was free, voluntary and knowingly entered into by appellant despite his testimony to the contrary at the hearing. Such a finding mandates affirmance of the trial court's ruling on the writ.

■ Appellant claims he was denied due process by the trial court when it refused to allow his appointed counsel funds under 18 U.S.C. 3006A(e) for the employment of experts to examine the fingerprint and typewriting evidence in the possession of the government and to have them perhaps contest the testimony of the FBI experts as to such evidence.

After oral argument this panel remanded the case to the District Court for the appointment of such experts and to hold a hearing to determine if the testimony of those experts would conflict with that given by the FBI experts. This was done.

We have examined the transcript of that hearing and the findings of the trial judge and agree with him that such experts would perhaps have benefited the defense in an advisory capacity but would have supplied at best only minimal helpful evidence. Under the circumstances of this case we cannot find that the defendant established prejudice to him by clear and convincing evidence in the denial of the funds for the appointment of the experts before trial. *U. S. v. Sanders*, 459 F.2d 1001 (9th Cir. 1972). We therefore hold this to have been harmless error under *Chapman v. State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh. denied*, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967).

■ Appellant complains of admission of evidence that a loaded, cocked .45 automatic was found under his pillow at the time of his arrest. The trial court later sustained an objection to the introduction into evidence of the gun itself.

At the time of the arrest the extortion plan was in the delicate stage when the perpetrator was to call a special telephone number and give instructions as to the delivery of the money, and under these circumstances we believe the evidence as to the gun to have had probative value and its admission well within the discretion of the trial judge.

■ Appellant also claims he was denied effective assistance of counsel, but after

---

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

examination of the record we find this claims invalid under any of the three alternate standards by which to review competence of counsel set out in *de Kaplany v. Enomoto*, 540 F.2d 975 (9th Cir. 1976) (en banc).

AFFIRMED.