42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael ACOSTA-GONZALEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto RIVERA-URENA, Defendant-Appellant.
 Nos. 93-50703, 93-50704.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994.*
Decided Nov. 30, 1994.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,** Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Appellant Acosta-Gonzalez was convicted under 21 U.S.C. Sec. 841(a)(1), for manufacturing marijuana, and was sentenced to 235 months, plus five years supervised release; Appellant Rivera-Urena was convicted under 21 U.S.C. Sec. 841(a)(1), for manufacturing marijuana, and under 21 U.S.C. Sec. 924(c), for using a firearm in relation to drug trafficking, and was sentenced to 211 months, plus five years supervised release. Appellants appeal their conviction and challenge their sentences, claiming: (1) there was insufficient evidence to establish that the plants seized were marijuana, (2) the district court erred in calculating the base offense level and in applying the Sentencing Guidelines' drug equivalency ratio that treats each marijuana plant as equal to one kilogram of marijuana, and (3) Acosta-Gonzalez was improperly denied the assistance of court-appointed psychological expert services to prepare for his sentencing hearing. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 I. SUFFICIENCY OF THE EVIDENCE
 
 4
 There is sufficient evidence to support a conviction if "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 309 (1979)). The government presented the testimony of a DEA agent who had conducted more than 75 previous marijuana investigations and who described appellants' actions as in conformity with marijuana growing practices. The government also presented the testimony of a forensic criminalist who identified the seedlings as marijuana based upon microscopic inspection; the fact that there was insufficient THC found in the plant seedlings to satisfy confirmatory chemical tests, a pattern consistent with very young marijuana plants, does not render the expert's microscopic identification invalid. Lastly, the government presented the testimony of a government investigator to whom appellant Rivera-Urena had admitted that the plants were marijuana. We hold that the evidence was sufficient for a rational juror to find beyond a reasonable doubt that the plants were marijuana.
 
 II. APPLICATION OF THE SENTENCING GUIDELINES
 
 5
 Appellants were sentenced according to U.S.S.G. Sec. 2D1.1(c) n.*, paragraph 4, which states that "[i]n the case of an offense involving marihuana plants, if the offense involve ... 50 or more marihuana plants, [the court should] treat each plant as equivalent to 1 KG of marijuana...." The legality of a sentence is reviewed de novo. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc).
 
 
 6
 Appellants make three arguments as to why their sentences were improper. First, Acosta-Gonzalez argues that the government did not prove the base level offense because it failed to show the actual number of seedlings and failed to prove that one plant would actually produce one kilogram of marijuana. Second, Acosta-Gonzalez argues that the court did not recognize that it could depart from the Guideline's ratio when the ratio was applied to mere farmworkers. Third, Acosta-Gonzalez and Rivera-Urena argue that their sentences violate due process. Appellants argue that the Guidelines' drug equivalency ratio for marijuana plants creates an irrebuttable presumption that those with more than 50 plants are major growers of marijuana at the top of the distribution chain. We reject each of these arguments.
 
 A. Proof of Base Offense Level
 
 7
 We review the district court's findings of fact at the sentencing phase for clear error. See United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994). Special Agent Wilson testified at trial that he estimated that he found about 1,000 pots containing 5 to 6 seedlings each. E.R. at 23. The pre-sentencing report put the number of seedlings within that range. P.S.R. at p 18. Furthermore, both at sentencing and in his brief to this court, appellant Rivera-Urena conceded that there were 5,422 seedlings. E.R. at 21; Rivera-Urena Br. at 26. Regardless of the precision of the number, it clearly falls within the range of the base offense level of 34, which is 3,000-10,000 kilograms or plants. U.S.S.G. Sec. 2D1.1. There was no clear error in the court's findings.
 
 
 8
 Nor did the government need to prove the yield of the plants. Section 2D1.1 and the underlying statute, 21 U.S.C. Sec. 841, punish according to the number of plants, regardless of the potential yield of the plants. See United States v. Jordan, 964 F.2d 944, 947 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992).
 
 B. Downward Departure
 
 9
 Acosta-Gonzalez argues that the district court did not realize it could depart from the Guidelines because the court failed to recognize that appellants' situation fell outside of the "heartland" of the cases intended to be covered by Sec. 2D1.1. See U.S.S.G. Sec. 1A(4)(b), p.s. However, the court clearly considered appellants' arguments for departure and refused to exercise its acknowledged authority to do so, stating "it is not a case in which the court has any justification for downward departure." RT Sept. 17, 1993 at 33. Such discretionary refusal to depart from the Guidelines is not reviewable by this court. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992); United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 C. Due Process
 
 10
 Appellants argue that the Guidelines create an irrebuttable presumption of major grower status in violation of the due process clause. However, appellants have not presented any evidence to show that the district court committed clear error in finding that appellants were commercial growers to whom the Guidelines clearly applied. See Buenrostro-Torres, 24 F.3d at 1174. Accordingly, appellants can show no injury caused by the application of the rule to their case and, thus, have no standing to raise the issue on behalf of "mere farmworkers." See Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). Since the appellants do not have standing to raise their constitutional claim, we need not and do not address it.
 
 III. DENIAL OF EXPERT SERVICES
 
 11
 A district court's denial of expert services under the Criminal Justice Act, 18 U.S.C. Sec. 3006A(e), is reviewed for an abuse of discretion. United States v. Sanders, 459 F.2d 1001 (9th Cir.1972). The defendant challenging a denial of services must show that such services were "necessary" under the Act, and must prove by clear and convincing evidence that denial of such services prejudiced the defendant. Id. at 1002.
 
 
 12
 Acosta-Gonzalez's request for psychological services provided the court with no specific factual evidence indicating psychological deficiency, other than his counsel's bare conclusory assertions. Acosta-Gonzalez failed to raise the issue of mental capacity either before or during trial. Furthermore, Acosta-Gonzalez denied having any mental problems in his interview with the probation officer, who noted "the defendant displayed no obvious signs of psychological dysfunction." P.S.R. at 9. See United States v. Williams, 998 F.2d 258, 264 and n. 14 (5th Cir.1993) (stating that in order to find abuse of discretion in denial of mental examination "there must have been some factual showing ... sufficient to give the trial court reasonable ground to doubt the defendant's sanity at the time of the offense") (emphasis added), cert. denied, 114 S.Ct. 940 (1994).
 
 
 13
 Nor did Appellant establish by clear and convincing evidence that he was prejudiced by denial of the services requested. Appellant presented no evidence to establish the existence of any external coercive influence that might have taken advantage of whatever alleged "susceptibility" he might have been able to prove. Therefore, no prejudice could be shown from the denial of psychological services. United States v. Becerra, 992 F.2d 960, 965 (9th Cir.1993); Sanders, 459 F.2d at 1002.
 
 
 14
 Accordingly, we hold that the district court did not abuse its discretion in denying Acosta-Gonzalez's request for appointment of psychological services to prepare for sentencing.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Danny J. Boggs, United States Circuit Judge, Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3