**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gibson DIA, Jr., Defendant–Appellant.**

**No. 95–10119.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 22, 1995.*

Filed Oct. 26, 1995.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Raquel Arellano, Assistant United States Attorney, Tucson, Arizona, for plaintiff-appellee.

David P. Tiers, Tucson, Arizona, for defendant-appellant.

Before: Alfred T. GOODWIN, Diarmuid F. O'SCANNLAIN, and Andrew J. KLEINFELD, Circuit Judges.

## OPINION

GOODWIN, Circuit Judge:

Defendant Dia appeals his resentencing on a conviction for aggravated sexual abuse, claiming the district court erred in not reducing his offense level based on "acceptance of responsibility." We review under the clearly erroneous standard, and affirm.

### I.

Dia denied all wrongdoing when first approached about the allegations against him. He claimed to have never had sex with complainant, refused to give a blood sample for testing until ordered to by the court, and demanded a trial on his guilt. After conviction, Dia admitted to having sex with the complainant, but maintained that it was voluntary.

Dia appealed his conviction to this court. In this first appeal, Dia challenged the treatment of a prior conviction in calculating his offense level. In an unpublished disposition we remanded for resentencing. After the remand, and prior to the resentencing, Dia wrote a letter to the sentencing judge claiming remorse for his actions. At the resentencing, he again spoke of his sorrow for the pain he had caused and asked that his offense level be reduced on the basis he had "accepted full responsibility" for his actions. U.S.S.G. § 3E1.1. The district court refused to apply this reduction to Dia's case, finding his remorse and acceptance "merely a matter of convenience."

### II.

Dia contends that he is entitled to a reduction in his offense level under United States Sentencing Guidelines § 3E1.1. Section 3E1.1 allows for a reduction in sentence if "defendant clearly demonstrates acceptance of responsibility for his offense...." We apply the "clearly erroneous standard" in reviewing the district court's determination that Dia does not qualify for this reduction. *United States v. Gonzalez*, 897 F.2d 1018, 1019 (9th Cir.1990).

Dia relies on *United States v. McKinney*, 15 F.3d 849 (9th Cir.1994), in arguing that he is entitled to this reduction even though he demanded a trial on his charges. Dia reads our decision in that case far too broadly. The defendant in *McKinney* presented the "unusual case" where a reduction in offense level was proper even though the defendant had pled not guilty. *Id.* at 852. There, defendant accepted responsibility from the beginning—assisting the police in finding a gun used in the crime, giving a full and honest statement as to his participation, and attempting to plead guilty several times immediately prior to and during his trial. Based on his overwhelming cooperation and remorse, we found that he had accepted full responsibility for his actions, even though he exercised his right to a jury trial on the charges. We emphasized, however, the rarity of such an occurrence. *Id.*

It is important to note that none of the facts in *McKinney* were present in Dia's

case. His repentance and attempt to accept responsibility came long after conviction. He denied all wrongdoing, pled not guilty, and continued to maintain his innocence even after conviction. Not until two and one half years later did he accept any responsibility and claim remorse.

 Not only is *McKinney* factually distinguishable from Dia's case, but there has also been a change in the sentencing guideline commentary since the time of the guidelines reviewed in *McKinney*. While we decided *McKinney* in 1994, we reviewed the 1991 guidelines. *Id.* at 852. In support of our decision, we relied upon the broad comment stating "[a] defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilty by the court or jury or the practical certainty of conviction at trial." *Id.* However, in 1992, the commission deleted this comment. The contemporaneous comment to § 3E1.1 supports our limited application of the section in situations where defendants demand a trial, and reads as follows:

> [t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilty, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute. . . .) In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, comment 2. The above quoted comment appears to fit the present case. As we explained in *United States v. Vance*, 62 F.3d 1152, 1160 (9th Cir.1995), the guidelines for acceptance of responsibility "came about as close as they could, without penalizing the exercise of constitutional rights, to codifying the percentage" of sentence reduction for pretrial pleas of guilty, in order to reduce sentencing disparity. Unlike the defendant in *McKinney*, Dia made no attempt to plead guilty until long after he had been proved guilty, and there was no evidence that Dia accepted responsibility before responsibility was forced on him by trial and conviction. We find no error in the district court's refusal to reduce Dia's offense level on the basis of "accepted responsibility."

AFFIRMED.