76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Gerardo LOPEZ-QUIROZ, Fidel Ramirez, Defendants-Appellants.
 Nos. 94-10582, 94-10585.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1996.
Decided Jan. 23, 1996.
 
 Before: LAY,* GOODWIN, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants appeal their convictions for offenses involving marijuana. Both assert Brady violations. Lopez-Quiroz also asserts improper identification. Ramirez appeals his sentence, asserting ineffective assistance of counsel. The district court denied their motions for a new trial. We affirm.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 3
 A DEA informer, cooperating in exchange for a plea agreement, arranged to purchase over 400 pounds of marijuana from defendants. The informer negotiated the sale with Lopez-Quiroz and two other codefendants, with Ramirez participating in weighing and transporting the marijuana.
 
 
 4
 Defendants were indicted for possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and conspiracy to possess marijuana with intent to distribute, 21 U.S.C. § 846.
 
 
 5
 A jury found Ramirez guilty on both counts and Lopez-Quiroz guilty of conspiracy but not possession. The district court sentenced Lopez-Quiroz to 60 months imprisonment and five years of supervised release; and Ramirez to 78 months imprisonment and five years of supervised release.
 
 II. ISSUES ON APPEAL
 
 6
 A. Whether Lopez-Quiroz' identification procedures were so unreliable that a new trial is required.
 
 
 7
 B. Whether the district court erred in denying defendant's motion for a new trial based on Brady violations and prosecutorial misconduct.
 
 
 8
 C. Whether Ramirez' counsel's failure to object to the district court's denial of an Acceptance of Responsibility Adjustment was such a denial of assistance of counsel as to require a new sentencing hearing.
 
 III. DISCUSSION
 A.
 
 9
 We review the constitutionality of pretrial identification procedures de novo. United States v. Givens, 767 F.2d 574, 580 (9th Cir.1985), cert. denied, 474 U.S. 953. We review in-court identification procedures for abuse of discretion. United States v. Duran, 4 F.3d 800, 803 (9th Cir.1993), cert. denied, 114 S.Ct. 894 (1994). In this case, we review both procedures de novo because Defendant Lopez-Quiroz claims that the in-court identification was tainted by the pretrial procedure.
 
 
 10
 When reviewing claims of improper identification, we apply a two-part test. First, we must determine whether the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 384 (1968); United States v. Simoy, 998 F.2d 751, 752 (9th Cir.1993). If so, we must determine whether the informer's in-court identification was nonetheless reliable considering the totality of the circumstances. Simoy, 998 F.2d at 752 (quoting Neil v. Biggers, 409 U.S. 188 (1972). Five factors inform the totality of the circumstances analysis: (1) the informer's opportunity to view the criminal at the time of the crime, (2) the informer's degree of attentiveness, (3) the accuracy of the informer's prior description of the criminal, (4) the level of certainty demonstrated by the informer at the confrontation, and (5) the length of time between the crime and the confrontation. Neil, 409 U.S. at 199-200. Finally, if we conclude that the identification procedures were constitutionally flawed, we must review the district court's acceptance thereof for harmless error. Constitutional error is not harmless if there is a reasonable probability that the evidence complained of might have contributed to the conviction. Fahy v. Connecticut, 375 U.S. 85, 86-87 (1963).
 
 
 11
 The government's pretrial identification procedure was impermissibly suggestive because it showed the informer at one time six photos of the six codefendants, asking the informer to define what role each played. We held in Fowler that an investigator's use of a single photo of a defendant already in custody was impermissibly suggestive. United States v. Fowler, 439 F.2d 133, 134 (9th Cir.1971). Here, the AUSA easily could have shown the informer a larger array of photographs to remove the taint.
 
 
 12
 However, the Neil factors weigh in favor of the government. The informer viewed Lopez-Quiroz for fifteen to twenty-five minutes. The informer had ample opportunity to view Lopez-Quiroz. The defense could argue to the jury that the informer was an untrained observer dealing with a number of defendants, and was, therefore, confused to the point of not being able to reliably identify the roles played by each defendant. The weight and value of this kind of evidence is for the jury to consider. We find no reason to disturb the district court's decision that the AUSA's conduct during the in-court identification did not violate Lopez-Quiroz' right to due process.
 
 B.
 
 13
 We find no error in the district court's rejection of claims of Brady violations and prosecutorial misconduct.
 
 
 14
 Evidence is Brady material if there is a reasonable probability that, had exculpatory evidence been disclosed to the defense, the result of the proceeding would have been different. "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 115 S.Ct. 1555, 1566 (1995).
 
 
 15
 We review challenges to convictions based on alleged Brady violations de novo. United States v. Manning, 56 F.3d 1188, 1197-98 (9th Cir.1995). Brady disclosures must be made when the information is still of substantial value to the accused, but the prosecution need not produce Brady material before trial. United States v. Aichele, 941 F.2d 761, 764 (9th Cir.1991).
 
 
 16
 It is undisputed that the government had no exculpatory evidence. However, it released certain impeachment evidence about the informer just before trial. We need not decide whether a Brady-type violation occurred. Defendants have not shown prejudice. Contrary to the Defendants' claims that they were unable to investigate fully the informer, the record reflects extensive cross-examination on the topics of the informer's plea agreement, his past drug trafficking, his drug use, inconsistent statements he made to a probation officer, false federal and state tax returns, and false information on a financial statement submitted as part of a Goodyear Tire franchise application. Given all of this testimony, the defense simply was not prejudiced in its efforts to establish that the informer had a "proclivity for lying."
 
 
 17
 The government notes in its brief that two other co-conspirators, the evidence against whom consisted solely of the informer's uncorroborated testimony, were acquitted, indicating that the defense successfully impeached the informer. Ramirez' counsel relies on United States v. Agurs, 427 U.S. 97, 112-13 n. 21 (1976), to argue that had he had sufficient opportunity to investigate the informer "there may very well have been other acquittals." This is a curious syllogism. The accompanying text to the cited footnote in Agurs warns that "the omission must be evaluated in the context of the entire record." Agurs, 427 U.S. at 112. The entire record contains ample evidence to convict Defendants. The prosecutor's cases against the convicted defendants included substantial evidence in addition to the testimony of the informer. That is the crucial distinction between those acquitted and those convicted. Defense counsel has not established, and cannot establish how further examples of the informer's past dishonest and illegal conduct would have discredited the other evidence.
 
 
 18
 The defense did not ask for a continuance to investigate the late-delivered impeachment material. Defense counsel points to a host of sanctions it did ask the district court to impose, yet counsel did not ask for a continuance. The only inference to be drawn is that the defense did not view a continuance as important to the defense.
 
 
 19
 We recognize the impropriety of the AUSA's statements during her closing rebuttal argument in which she asked the jury to infer the informant's credibility from the defense's lack of "dirt" on him despite having "undoubtedly investigated" the information in the presentence report, which was not turned over by the government until the day before trial. However, we find no prejudice for the same reasons outlined above. The defense did raise a panoply of issues related to the informant's credibility at trial, and there was ample other evidence on which the jury could have based a conviction.
 
 C.
 
 20
 We review a district court's interpretations of sentencing guidelines de novo. United States v. France, 57 F.3d 865, 866 (9th Cir.1995). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Naranjo, 52 F.3d 245, 248 (9th Cir.1995).
 
 
 21
 Ineffective assistance of counsel claims ordinarily are brought in a collateral attack under 28 U.S.C. § 2255. However, this Court can review such a claim on direct appeal where the record is sufficiently complete to allow the court to decide the issue. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). To establish ineffective assistance of counsel, Ramirez must show "(1) that counsel's performance fell below an objective standard of reasonableness; and (2) that, but for counsel's errors, the result would have been different." Cacoperdo v. Demosthenes, 37 F.3d 504, 508 (9th Cir.1994), cert. denied 115 S.Ct. 1378 (1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).
 
 
 22
 Under the Sentencing Guidelines, courts rarely should grant a reduction for acceptance of responsibility where defendants have put the government to its burden of proof at trial. Comment to § 3E1.1. Here, Ramirez pled not guilty and put the government to its burden of proof. He does not represent one of those rare cases in which a reduction nonetheless should be granted. See U.S.S.G. § 3E1.1, comment 2; United States v. Dia, 69 F.3d 291, 293 (9th Cir.1995). Moreover, his sentence of 78 months is within the range of permissible sentences even if the district court had adjusted for acceptance of responsibility, albeit at the high end of that range. Counsel's failure to object was not a symptom of incompetence.
 
 
 23
 The judgments are AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Court of Appeals Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3