107 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Steve TURMAN, Defendant-Appellant.
 No. 94-50305.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1996.
Submission withdrawn Oct. 31, 1995.
Resubmitted Jan. 10, 1997.
Decided Jan. 17, 1997.
 
 Before: WALLACE, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. Prosecutorial Misconduct. As we have previously held, the government did not improperly comment on defendant's failure to testify. See United States v. Mende, 43 F.3d 1298, 1300-01 (9th Cir.1995). Nor did the prosecutor impermissibly attack defense counsel; rather, he made a legitimate attack on defendant's credibility. Any risk that his argument might have been seen as an attack on defense counsel was eliminated by a curative instruction. See United States v. De Cruz, 82 F.3d 856, 862 (9th Cir.1996).
 
 
 3
 The prosecutor properly used Stacey's guilty plea to prove Stacey had "firsthand knowledge" of the conspiracy. United States v. Rewald, 889 F.2d 836, 865 (9th Cir.1989), cert. denied, 498 U.S. 819 (1990). Any prejudice to defendant was eliminated by the district court's and the prosecutor's admonition that "Stacey's guilty plea is not evidence against any of the other defendants." GER at 129; De Cruz, 82 F.3d at 862. Likewise, defendant suffered no prejudice from the government's misstatements of fact; the evidence was otherwise sufficient to prove defendant's knowledge of fraud, and the district court cured the error by instructing the jury that arguments of counsel are not evidence. [GER at 241] See United States v. Freter, 31 F.3d 783, 786-87 (9th Cir.), cert. denied, 115 S.Ct. 646 (1994).
 
 
 4
 The prosecutor's erroneous reliance on Exhibit 162 was also harmless; he made nothing more than a "passing reference" to the exhibit, Freter, 31 F.3d at 786, and any risk of prejudice was eliminated by a contemporaneous curative instruction. [ER at 74] See De Cruz, 82 F.3d at 862.
 
 
 5
 2. Evidentiary Claims. Evidence of co-defendant Mende's prior bad acts was properly admitted under Fed.R.Evid. 404(b), as it helped establish defendant's knowledge of fraud at British Indemnity. See United States v. Wellington, 754 F.2d 1457, 1465 (9th Cir.), cert. denied, 474 U.S. 1032 (1985). Admission of this evidence was not barred by Fed.R.Evid. 403 because it only detailed a third party's bad acts; the risk of improper prejudice to defendant was therefore remote. Id.
 
 
 6
 Defendant's threats against the life of William Kirkham were also properly admitted over his Rule 403 objection. Any risk of improper prejudice was outweighed by the value of the evidence as proof of "consciousness of guilt." United States v. Castillo, 615 F.2d 878, 884 (9th Cir.1980). Exhibit 162 was likewise properly admitted. The document was authenticated by the secretary who prepared it [GER at 110-12] and was highly probative of co-defendant Mende's fraudulent intent. The risk of prejudice to defendant was cured by an instruction that the exhibit was not offered to prove the truth of its accusations against him. [GER at 115A] See United States v. Hinton, 31 F.3d 817, 823 (9th Cir.1994), cert. denied, 115 S.Ct. 773 (1995). Indeed, the document was only relevant because its statements were false.
 
 
 7
 Lastly, evidence that defendant recorded telephone conversations with clients was not barred by Rule 403; it shed light on defendant's participation in the scheme, and any risk of unfair prejudice was eliminated by the district court's instruction that "there is no issue in this case as to whether or not the recording of the telephone conversations were lawful or not lawful." GER at 95; Hinton, 31 F.3d at 823.
 
 
 8
 3. Sentencing. Defendant is not entitled to a departure for acceptance of responsibility because he was not forthright with the government about his role in the scheme during the investigation, went to trial to contest his factual guilt and continued to deny responsibility following his conviction. [GER 354, 356-58] See United States v. Dia, 69 F.3d 291, 292-93 (9th Cir.1995).
 
 
 9
 The district court's loss calculation was accurate, as it correctly accounted for pre-default loan payments made by the debtor as well as the proceeds from the sale of the bank's security interest. [ER at 208] See United States v. Allen, 88 F.3d 765, 770 (9th Cir.1996). Losses attributed to attorney's fees and a new personal note were properly included as "the direct result of defendants' fraudulent misrepresentations, rather than mere consequential or incidental damages." Mende, 43 F.3d at 1303. This total loss exceeds $5 million even without the inclusion of lost interest payments. [ER at 208] Defendant's victim shares no responsibility for this loss, because it would not have made the loan absent defendant's fraudulent guarantee. [GER at 300-01]
 
 
 10
 The district court did err, however, in giving defendant a three-level enhancement under U.S.S.G. § 3B1.1(b). Turman is eligible for this enhancement only if he managed or supervised "at least one other ... person who was criminally responsible for the commission of the offense." United States v. Helmy, 951 F.2d 988, 997 (9th Cir.1991), cert. denied, 504 U.S. 945 (1992).
 
 
 11
 * * *
 
 
 12
 Defendant's convictions are AFFIRMED. His sentence is VACATED and the case is REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3