110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren Michael DesROSIER, Defendant-Appellant.
 No. 96-30158.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1997.
Decided March 26, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Warren Michael DesRosier ("DesRosier") appeals his conviction and sentence for involuntary manslaughter (18 U.S.C. § 1112). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 I. THE CONVICTION
 
 3
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996). We review the sufficiency of evidence de novo. United States v. Bahena-Cardenas, 70 F.3d 1071, 1072 (9th Cir.1995).[1]
 
 A. Doctrine of Invited Error
 
 4
 It is not disputed that at the end of the trial DesRosier asked for and was granted jury instructions on the lesser-included offense of involuntary manslaughter, supplementing the charged instructions relating to murder. The district court left it up to DesRosier to decide whether or not he wanted to give the jury the opportunity to convict him of involuntary manslaughter, the conviction he now objects to on appeal. We have held that a defendant is only entitled to an instruction on lesser-included offense if he first demonstrates to the district court "that a rational jury could find the defendant guilty of the lesser included offense but not the greater." United States v. Gutierrez, 990 F.2d 472, 477 (9th Cir.1993). Because we conclude that there was sufficient evidence to support DesRosier's conviction for involuntary manslaughter, however, we do not decide the question of whether a defendant who requests instructions on a lesser-included offense can then argue on appeal that there was insufficient evidence to support the subsequent conviction. We therefore assume, for the purposes of this case, that the doctrine of invited error does not apply under these circumstances.
 
 B. Sufficiency of the Evidence
 
 5
 In order to convict DesRosier of involuntary manslaughter, the jury had to find that the Government had proven the following elements beyond a reasonable doubt:
 
 
 6
 FIRST: That the defendant, WARREN MICHAEL DESROSIER, is an Indian person;
 
 
 7
 SECOND: That the offense occurred within the exterior boundaries of the Blackfeet Indian Reservation;
 
 
 8
 THIRD: That James Francis Tetzlaff was killed as a result of an act by the defendant, WARREN MICHAEL DESROSIER, during the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act, done either in an unlawful manner or without due caution, which might produce death;
 
 FOURTH: That the killing was unlawful; and
 
 9
 FIFTH: That the defendant, WARREN MICHAEL DESROSIER, either knew his conduct was a threat to the lives of others or knew of circumstances that would reasonably cause the defendant to foresee that such conduct might be a threat to the lives of others.
 
 
 10
 Though it is a close question, we conclude that there was sufficient evidence in the record from which the jury could rationally conclude that DesRosier drove his car without due caution in a manner that might produce death and that he knew of circumstances that would cause him to foresee that his conduct might be a threat to the lives of others.
 
 
 11
 DesRosier's collision with James Tetzlaff occurred at approximately 11:30 p.m. There was evidence that DesRosier had spent that afternoon driving around and drinking tequila with his friend Dustin Walter. Just minutes before the collision with Tetzlaff, DesRosier, while Chris Gilham waited in the car, stole a cold pack of beer from a local convenience store and drove away without paying for it or the gas he had put in the car. Finally, in attempting to explain his bizarre conduct at Kathy Momberg's house shortly after the collision with Tetzlaff, DesRosier testified: "I'd been drinking at the time." This is admittedly not overwhelming, but it is sufficient evidence from which a rational jury could conclude that, given DesRosier's drinking before the collision, his state of mind following the theft of the beer and gas, his statement at Momberg's house, and his apparent failure to see Tetzlaff before striking him, he was not exercising due caution at the time of the collision with Tetzlaff.
 
 II. THE SENTENCE
 
 12
 The district court's interpretation and application of the sentencing guidelines are reviewed de novo. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). However, the district court's factual findings in the sentencing phase are reviewed for clear error. Id. The district court did not commit error in adjusting DesRosier's offense level.
 
 A. Obstruction of Justice
 
 13
 Section 3C1.1 of the sentencing guidelines provides for a two-level upward adjustment to a defendant's offense level when the district court finds that the defendant "willfully ... attempted to obstruct or impede, the administration of justice during the investigation ... of the instant offense." Obstruction includes an attempt to conceal material evidence or directing another person to do so. U.S.S.G. § 3C1.1, comment. (n. 3(d)).
 
 
 14
 There was evidence that DesRosier parked Chris Gilham's car behind Gilham's grandmother's house in order to hide it from view. The district court did not commit error in concluding that DesRosier qualified for an enhancement for the obstruction of justice.
 
 B. Acceptance of Responsibility
 
 15
 We review the district court's decision not to make a downward adjustment to DesRosier's offense level for the acceptance of responsibility under § 3E1.1 of the sentencing guidelines for clear error. United States v. Dia, 69 F.3d 291, 292 (9th Cir.1995). The district court did not commit clear error here.
 
 
 16
 The comments to § 3E1.1 state that this adjustment
 
 
 17
 is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.... [A] determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.
 
 
 18
 U.S.S.G. § 3E1.1, comment. (n. 2).[2] The comments further state that conduct "resulting in an enhancement under § 3C1.1 [for the obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Id. at comment. (n. 4). Finally, the comments state that the district court is entitled to great deference in this area due to the court's unique position to evaluate DesRosier's acceptance of responsibility. Id. at comment. (n. 5); see also United States v. Hill, 953 F.2d 452, 461 (9th Cir.1991).
 
 
 19
 Even though he admitted to hitting something on the highway and expressed remorse towards the victim at the sentencing hearing, DesRosier never admitted that he was wrong or that the collision was anything other than an unfortunate accident. He did not admit that he was in any way negligent or at fault that night. See United States v. McLaurin, 57 F.3d 823, 827 (9th Cir.1995) (affirming the denial of an adjustment for acceptance of responsibility when the defendant does not acknowledge every element of the crime of conviction). The district court concluded that because DesRosier did not stop at the accident site when he knew he had hit something and offered no reason why he proceeded to his girlfriend's house without even slowing down, he was not entitled to credit for the acceptance of responsibility. This conclusion was not clearly erroneous.
 
 III. EXPERT FEES
 
 20
 We review the district court's denial of expert witness fees for an abuse of discretion. United States v. Sanders, 459 F.2d 1001, 1002 (9th Cir.1972). Section 3006A(e) authorizes the district court to approve a timely request for a court-paid expert to testify on behalf of the defendant upon a showing of indigence and necessity. 18 U.S.C. § 3006A(e)(1). DesRosier did not request payment of his expert's fees until two months after the end of the trial. This was not a timely request. There was no abuse of discretion here.
 
 CONCLUSION
 
 21
 After considering the entire record in this case and all of DesRosier's arguments on appeal, we conclude that there was sufficient evidence to support DesRosier's conviction for involuntary manslaughter and that the district court did not commit error at sentencing or in its denial of DesRosier's request for payment of his expert witness fees. We therefore AFFIRM.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Neither party has made this inquiry an easy one. In submitting his excerpt of record, DesRosier only included snapshots of testimony that support his position, but failed to include necessary portions of the transcript that we required in order to thoroughly evaluate his argument, in violation of Federal Rule of Appellate Procedure 10(b)(2) and Circuit Rule 10-2
 The Government's appellate brief repeatedly cited to the transcript, but the Government completely failed to file a supplemental excerpt of record in any form including those pages of the transcript, in direct violation of Circuit Rule 30-1.6.
 This conduct is not acceptable. We recommend that both parties review the sanctions which we may, in our discretion, impose under such circumstances. The list of these sanctions can be found at Circuit Rule 30-2.
 
 
 [2]
 Exceptions to this general rule are only to occur in extraordinary circumstances. U.S.S.G. § 3E1.1, comment. (n. 2)