111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Ernesto VILLABONA-ALVARADO, Defendant-Appellant.
 No. 96-50240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1997.
Decided April 22, 1997.
 
 Before: BOOCHEVER, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 I. THE DISTRICT COURT DID NOT ERR IN DENYING VILLABONA A TWO-POINT OFFENSE LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY PURSUANT TO § 3E1.1
 
 
 3
 Relying on United States v. McKinney, 15 F.3d 849, 852 (9th Cir.1994), Villabona argues that he is entitled to the reduction as long as his contrition is sincere regardless of whether he pled not guilty and went to trial. As the government persuasively notes, McKinney has been distinguished by a number of cases on the basis that McKinney's pretrial statements and conduct unambiguously demonstrated remorse and acceptance of responsibility. United States v. Dia, 69 F.3d 291, 292-93 (9th Cir.1995); United States v. Easter, 66 F.3d 1018, 1024-25 (9th Cir.), cert. denied, 116 S.Ct. 547 (1995).
 
 
 4
 Villabona claims that the unique circumstances of his plight should be taken into account. After the § 848(b) charge was returned by the grand jury, prosecutors informed Villabona that a guilty plea would not be accepted; the only way to avoid being subject to a mandatory life term was to cooperate. These unique circumstances deprived him of any opportunity to accept responsibility until Villabona's resentencing. Villabona explains the delay by stating "he cannot be expected to show contrition at a time when the benefit he will receive is a mandatory life term without parole." While Villabona's stance in trying to avoid life imprisonment is understandable, Villabona fails to provide any support for his position that one need not accept responsibility unless it is materially beneficial. Villabona's expression of remorse can readily be doubted since it comes after seven years, and is made only at the first point when it can benefit Villabona. See United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990). Regardless of whether the government effectively prevented him from entering a plea, nothing stopped Villabona from writing a letter to the proper authorities expressing remorse and accepting responsibility at a much earlier time. As Application note 2, § 3E1.1 states, "[a] defendant may manifest sincere contrition even if he exercises his constitutional right to trial ... where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt."
 
 
 5
 II. THE DISTRICT COURT DID NOT ERR IN ADJUSTING VILLABONA'S OFFENSE LEVEL UPWARD FOUR LEVELS PURSUANT TO § 3B1.1(A)
 
 
 6
 This court reviews a district court's finding that a defendant was an organizer or leader of criminal activity for clear error. Camper v. United States, 66 F.3d 229, 231 (9th Cir.1995); United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995); United States v. Roberts, 5 F.3d 365, 371 (9th Cir.1993).
 
 
 7
 Villabona argues that the criminal activity did not involve the requisite five or more participants under § 3B1.1(a), and that the government and the district court did not identify the five persons. Regardless of whether the requisite number of persons were involved in the criminal activity, the four-level role adjustment may still be made under § 3B1.1(a) if the criminal activity "was otherwise extensive." § 3B1.1(a). That Villabona controlled the acquisition, importation and distribution of multiple 1,000 kilogram parcels of cocaine and laundered millions of dollars constitutes otherwise extensive criminal activity. See United States v. Leung, 35 F.3d 1402, 1407 (9th Cir.1994) (organization extending from Hong Kong to Los Angeles to Vancouver responsible for importing and distributing 56 kilograms of heroin satisfies otherwise extensive criminal activity under 3 3B1.1(a)), cert. denied, 115 S.Ct. 954 (1995).
 
 
 8
 While the district court did not rule on the basis that the criminal activity was otherwise extensive, this court may uphold the district court's ruling based on any ground supported in the record. Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir.1994) (court may affirm on any ground, even if different from that of district court, if supported by the record), cert. denied, 115 S.Ct. 1374 (1995); United States v. Lewis, 991 F.2d 524, 526 n. 2 (9th Cir.1993). Garcia and Lewis establish that this court may affirm the district court's sentence on the basis of criminal activity being otherwise extensive despite the district court failure to rule on that ground.
 
 CONCLUSION
 
 9
 We AFFIRM Villabona's sentence imposed by the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3