127 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee SPARKS, Defendant-Appellant.
 No. 97-10003.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted October 8, 1997
Decided Oct. 17, 1997.
 
 Appeal from the United States District Court for the Nevada, No. CR-94-00069-HDM; Howard D. McKibben, District Judge, Presiding.
 Before: SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Lee Sparks appeals the sentence imposed on remand from this court for his conviction on firearms charges. We affirmed Sparks's conviction in No. 95-10264, 87 F.3d 276 (9th Cir.1996), but held that a prior Nevada state conviction did not qualify as a predicate offense under the armed career criminal statute and remanded for resentencing.
 
 
 3
 Appellant now contends the district court erred in declining to grant Sparks a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 when the defendant's only acknowledgment of guilt was at his second, post-remand sentencing hearing. There was no error.
 
 
 4
 Sparks argues that the court unfairly penalized him for exercising his right to appeal and his Fifth Amendment right against self-incrimination. The crux of the appellant's argument is that a denial of the adjustment under the procedural circumstances of this case is a violation of the defendant's Fifth Amendment rights. Whether the defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. United States v. Dia, 69 F.3d 291, 292 (9th Cir.1995). Sparks's Fifth Amendment challenge raises a question of law and is thus reviewed de novo. See United States v. Gonzales, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 5
 The defendant in this case did not make any pretrial statements indicating acceptance of responsibility and did not assist the authorities in the criminal investigation. Sparks contested the factual elements of the offenses at trial and failed to indicate contrition or remorse at the first sentencing hearing. In short, Sparks has performed none of the acts that normally lead to a finding of acceptance of responsibility.
 
 
 6
 His contentions here are foreclosed by the majority's decision in United States v. Aichele, 941 F.2d 761 (9th Cir.1991). See also United States v. Dia, supra.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3