**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin JIMENEZ–JAUREGUI,**
**Defendant–Appellant.**

No. 01–10334.

D.C. No. CR–00–00149–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Martin Jimenez–Juaregui appeals the 92–month sentence imposed following his jury trial conviction to unlawful reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm in part, and vacate and remand in part.

Jimenez–Juaregui contends the district court erred by denying his request for a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). We review the district court's determination that Jimenez–Juaregui is not entitled to this reduction for clear error, *United States v. Dia*, 69 F.3d 291, 292 (9th Cir. 1995), and we are satisfied that Jimenez–Juaregui "[was] not the rare defendant who accepts responsibility after trial." *United States v. Sotelo*, 109 F.3d 1446, 1449 (9th Cir.1997).

Jimenez–Juaregui also contends that the district court erred by increasing his base offense level 16 levels under U.S. Sentencing Guidelines § 2L1.2(b)(1)(A) based on a finding that he had been previously deported following an aggravated felony conviction. The qualifying aggravated felony was Jimenez–Juaregui's prior conviction of Felony Driving Under the Influence of Intoxicating Liquor, pursuant to Nevada Revised Statute § 484.379(1)(c). After the district court rendered its decision in this case, we reviewed similar driving under the influence statutes and concluded that they were not crimes of violence, and therefore could not be counted as an aggravated felonies. *See United States v. Trinidad–Aquino*, 259 F.3d 1140, 1146 (9th Cir.2001); *see also United States v. Portillo–Mendoza*, 273 F.3d 1224, 1227–28 (9th Cir.2001). Thus, as the government con-

---

cedes, Jimenez–Juaregui's prior conviction was not an aggravated felony under 8 U.S.C. § 1101(a)(43). *Trinidad–Aquino*, 259 F.3d at 1146. Accordingly, we vacate Jimenez–Juaregui's sentence and remand for resentencing consistent with this disposition.

**AFFIRMED in part, VACATED and REMANDED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.