NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10411 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-01721-DLR-2 |
| v. | |
| WILLIE GENE WOODARD, AKA Will Gene Woodard, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted June 9, 2017[**]
Pasadena, California

Before: LIPEZ,[***] BEA, and HURWITZ, Circuit Judges.

Defendant Willie Gene Woodard appeals his jury conviction for one

count of conspiracy to commit wire fraud and eighteen counts of wire fraud in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

violation of 18 U.S.C. § 1343. Woodard argues that (1) the district court abused its discretion by denying his requests for funds under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(e), to pay for trial preparation and testimony by a forensic accountant, and (2) the prosecutor made improper statements during closing argument. We affirm.

## I. Request for Funds

A district court's denial of a request for public funds to hire an expert is reviewed for abuse of discretion. United States v. Pete, 819 F.3d 1121, 1130 (9th Cir. 2016). "The purpose of the Criminal Justice Act [is] to put indigent defendants as nearly as possible in the same position as nonindigent defendants . . . ." Id. (quoting United States v. Sanders, 459 F.2d 1001, 1002 (9th Cir. 1972)). "For that reason, under section 3006A(e), 'a district judge shall authorize the provision of expert services to a defendant financially unable to obtain them where such services are necessary for adequate representation.'" Id. (quoting United States v. Rodriguez-Lara, 421 F.3d 932, 939 (9th Cir. 2005)). A court "abuses its discretion in denying an expert 'where (1) reasonably competent counsel would have required the assistance of the requested expert for a paying client, and (2) the defendant was prejudiced by the lack of expert assistance.'" Id. (quoting Rodriguez–Lara, 421 F.3d at 940).

Woodard's requests were untimely. Having chosen to represent himself at trial, Woodard made his first request for funds in the middle of his first trial and another request one month before his second trial. Both requests were made more than two years after the deadline for expert disclosures, which the district court had extended at Woodard's request.

Even if Woodard's requests for CJA funds had been timely, he is unable to demonstrate prejudice in light of the overwhelming evidence of his fraudulent scheme. See United States v. Labansat, 94 F.3d 527, 530 (9th Cir. 1996) (holding that defendant could not demonstrate that he was prejudiced by the denial of his motion to appoint an expert witness when there was "overwhelming evidence of [his] guilt"). There was substantial evidence demonstrating that Woodard's purported investment opportunity was nothing more than a Ponzi scheme. Indeed, Woodard's theory of the case — that he was merely a victim of a co-conspirator — was contradicted not only by substantial evidence that Woodard improperly spent the victims' money on personal expenses, but also by evidence that he continued the fraudulent scheme even after he knew his co-conspirator had been arrested. Woodard does not explain how a forensic accountant might have helped his case. See United States v. Chase, 499 F.3d 1061, 1068 (9th Cir. 2007) ("[P]rejudice cannot be merely speculative; it must be demonstrated by clear and convincing evidence.").

3

## II. Closing Argument

A criminal conviction will not be overturned on the basis of a prosecutor's comments unless, in context, they affected the fundamental fairness of the trial. United States v. Young, 470 U.S. 1, 11 (1985); United States v. Weatherspoon, 410 F.3d 1142, 1151 (9th Cir. 2005) ("[W]e must review the potential for prejudicial effect in the context of the entire trial."). "The trial Judge has broad discretion in controlling closing argument, and improprieties in counsel's arguments to the jury do not constitute reversible error unless [1] they are so gross as probably to prejudice the defendant, and [2] the prejudice has not been neutralized by the trial judge." United States v. Del Toro-Barboza, 673 F.3d 1136, 1150 (9th Cir. 2012) (quoting United States v. Navarro, 608 F.3d 529, 535-36 (9th Cir. 2010)). Because Woodard did not object to the prosecutor's statements at trial, our review is for plain error. Id.

Woodard now objects to the following final statements made by the prosecutor in rebuttal:

> You know, I'm no biblical scholar but there is a verse in the New Testament, Mathew, where they do talk about the wolf in sheep's clothing. "Beware of false prophets who come to you in sheep's clothing but inwardly are savage wolves because you will know them by their fruit." Ladies and gentleman, Mr. Woodard is a wolf in sheep's clothing and when he stood before you and tried to convince you that he was going to make refunds you become just another victim. Do not become another victim. Find this defendant guilty.

4

The prosecutor's reference to a Biblical parable was a permissible rhetorical flourish. See United States v. Amlani, 111 F.3d 705, 714 (9th Cir. 1997) (holding that prosecutor's references to the Seventh Commandment as a source of the law against stealing were not improper). Indeed, the prosecutor's comments appear to have been related to Woodard's own emphasis on his religious beliefs during trial and evidence that Woodard frequently invoked religion or prayed with the victims when swindling them.

The prosecutor's plea for the jurors to "not become another victim," even if improper, was not "so gross as probably to prejudice the defendant" in light of the strength of the government's case. Del Toro-Barboza, 673 F.3d at 1150; see also Fields v. Woodford, 309 F.3d 1095, 1109 (9th Cir. 2002) (prosecutor's improper request for jury to "think of yourself as [the murder victim]" did not so infect the trial with unfairness that defendant suffered prejudice); United States v. Lester, 749 F.2d 1288, 1301-02 (9th Cir. 1984) (prosecutor's statement that "we are all victims" was "not sufficiently prejudicial as to affect [the defendant's] substantial rights").

**AFFIRMED**.

5