87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samir AKRAWI, Defendant-Appellant.
 No. 95-10255.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided June 19, 1996.
 
 1
 Before: HALL and BRUNETTI, Circuit Judges, and WEINER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant Samir Akrawi was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. The district court sentenced Akrawi to a term of sixty months. Akrawi appeals (1) the district court's denial of his pretrial motion to suppress evidence allegedly resulting from an unlawful search; and (2) the district court's refusal to grant him a two-level acceptance of responsibility reduction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the decision of the district court.
 
 A. Motion to Suppress
 1. Standard of Review
 
 4
 Generally, motions to suppress are reviewed de novo. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995). However, because Akrawi's suppression motion is based on a challenge to the validity of a search warrant, we are reviewing not only the district court's denial of Akrawi's motion but also a magistrate's determination that probable cause existed to support the warrant. The magistrate's determination may only be reversed if it is clearly erroneous. United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993). So long as, "under the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed," the magistrate's decision must be affirmed. United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991) (quoting United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986)). "In doubtful cases, preference should be given to the validity of the warrant." Id.
 
 2. Probable Cause
 
 5
 The affidavit forming the basis of the search warrant contained the following information: On October 31, 1994, Bureau of Alcohol, Tobacco, and Firearms Agent Douglas R. Gray was told by an informant ("CI # 1") that Akrawi was a convicted felon who CI # 1 had seen with a gun on October 22, 1994. CI # 1 provided the following particulars: (a) Akrawi's birth date and social security number; (b) that Akrawi had been convicted in California of possession with intent to distribute drugs; (b) the location at which Akrawi was seen with the gun; (c) a description of the gun "as either a Glock or a Sig Sauer pistol"; (d) that Akrawi had the gun in his right front pants pocket; and (e) that Akrawi had referenced the gun by saying, "If anyone touched anything, ... he (Akrawi) would put a bullet in someone's head."
 
 
 6
 On November 29, 1994, Gray received information about Akrawi from another informant ("CI 2"). CI 2, who had provided reliable information in the past, indicated that he/she had known Akrawi for approximately ten years and had observed Akrawi with firearms in the past, most recently six months previous. CI # 2 also informed Gray that Akrawi was a member of the Vagos Motorcycle Club.
 
 
 7
 Through a computer background check, Agent Gray learned that, on March 10, 1989, Akrawi had in fact been convicted in California of possession with intent to distribute a controlled substance. Gray also learned that Akrawi was convicted of carrying a concealed weapon in Arizona on February 9, 1988. Lastly, through discussions with other law enforcement officers, Agent Gray confirmed that Akrawi was a current member of the Vagos Motorcycle Club and learned that the club is an "outlaw gang" located in Southern California whose members "consider firearms tools of the trade and because of the violent nature of their criminal activities frequently possess firearms."
 
 
 8
 When presented with this evidence on December 5, 1994, the magistrate found probable cause for believing that a firearm would be found at Akrawi's residence. Akrawi contends that this finding was clearly erroneous because (a) there was nothing in the affidavit to indicate CI # 1's reliability; (b) the information in the affidavit, even if true, did not establish a fair probability that a firearm would be found at Akrawi's residence; and (c) the information in the affidavit was stale. None of these contentions have merit.
 
 
 9
 First, the detail provided by CI # 1 is its own indicia of reliability. See United States v. Elliott, 893 F.2d 220, 223 (9th Cir.), cert. denied, 498 U.S. 904 (1990) ("A detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability.") (citations omitted). Second, although the incident described by CI # 1 did not take place at Akrawi's residence, the magistrate did not commit error by finding a fair probability that any gun possessed by Akrawi would be kept at his residence. See, e.g., United States v. Steeves, 525 F.2d 33, 38 (8th Cir.1975) ("[P]eople who own pistols generally keep them at home or on their persons."). Lastly, considering the circumstances presented in the affidavit, it was not unreasonable to believe that a firearm would be found at Akrawi's residence at the time the warrant was issued. See United States v. Gann, 732 F.2d 714, 722 (9th Cir.), cert. denied, 469 U.S. 1034 (1984) ("The test for judging the timeliness of a search warrant is whether there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises."). In sum, considering the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed. Accordingly, we will not disturb the magistrate's decision.
 
 B. Acceptance of Responsibility
 
 10
 A finding by the district court that the defendant is not entitled to a two-level § 3E1.1(a) acceptance of responsibility reduction is reviewed for clear error. United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992). Akrawi contends that his statement to law enforcement agents following his arrest and his statement to the probation officer following his trial clearly demonstrate acceptance of responsibility. The post-arrest statement, however, was intended to be exculpatory when given and does not demonstrate contrition. Likewise, Akrawi contended at sentencing that his possession of the shotgun was not entirely culpable because it was the result of coercion. While a defendant does not have to plead guilty in order to be eligible for a two-level § 3E1.1(a) reduction, United States v. McKinney, 15 F.3d 849, 852-53 (9th Cir.1994), Akrawi has not demonstrated that he is genuinely contrite. See id. at 853 (stating that a defendant is entitled to a reduction even after being convicted after a trial if his "statements and conduct make it clear that his contrition is sincere"). The district court's refusal to grant a two-level acceptance of responsibility reduction was not clearly erroneous.
 
 C. Conclusion
 
 11
 Akrawi's conviction and sentence are affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3