UNITED STATES of America,
Plaintiff–Appellee,

v.

Antonio McKINNEY, Defendant–
Appellant.

No. 92–50619.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1993.

Decided Jan. 28, 1994.

David F. Taylor, Assistant United States Attorney, Los Angeles, California (Terree A. Bowers, United States Attorney, Robert L.

Brosio, Chief, Criminal Division, on the brief), for the plaintiff-appellee.

Myra Sun, Deputy Federal Public Defender, Los Angeles, California (Peter M. Horstman, Federal Public Defender, H. Dean Steward, Directing Attorney, Kenneth M. Miller, Deputy Federal Public Defender, on the brief), for the defendant-appellant.

Before: REINHARDT and T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.

REINHARDT, Circuit Judge:

Following a jury trial, Antonio McKinney was convicted of conspiracy, 18 U.S.C. § 371; armed bank robbery, 18 U.S.C. § 2113(a) & (d); and using a firearm during a crime of violence, 18 U.S.C. § 924(c)(1). He was sentenced to 106 months imprisonment. On appeal, McKinney challenges both his conviction and his sentence. In an unpublished memorandum filed concurrently, we reject McKinney's challenges to his conviction. In this opinion, we vacate McKinney's sentence and remand for the district court to award him a two-level reduction in his base offense level for acceptance of responsibility.

### I.

On April 27, 1992, three people (one of whom wielded a gun) robbed the Bank of America branch in Beaumont, California and stole a total of $20,419 in cash. They placed the money into a black nylon duffel bag, and then ran out the north exit of the bank. Witnesses outside the bank told police officers that five African–American men generally matching the descriptions of the robbers had run into an apartment on the north side of the bank. The police went to the apartment and spoke with the tenant, Maryann Frausto. They told her that they were looking for suspects in an armed robbery. They asked her if any black males were in the apartment. She said there were five men

upstairs. When the police asked to search the apartment for the suspects, Frausto consented.

In Frausto's apartment, the police apprehended the five men, including McKinney, and placed them in a downstairs room, on their stomachs, with their hands tied behind their backs. Once the fifth suspect came downstairs, the officers asked Frausto for consent to search her apartment for items used or stolen in the robbery, including the gun. She gave them permission to do so. While some officers were upstairs, McKinney truthfully identified himself and revealed the location of the gun to the officers who remained downstairs.

While searching upstairs, two officers noticed pieces of insulation, dust, and acoustic material on the floor beneath the entry into the attic, which the officers knew Frausto shared with several other apartments in the complex. They moved a bureau from the master bedroom into the room containing the attic entry. The taller of the two officers climbed on the bureau to reach into the attic. Standing on the bureau, the officer could not see but he could feel the black duffel bag a few inches from the attic opening. As he felt the unopened bag, the officer observed that the bag felt like it was filled with money. The officers then opened the bag. They found that the bag contained the stolen money, including bait bills from the bank tellers and checks with a Bank of America stamp.

The officers arrested McKinney and took him to the police station. At the station, McKinney waived his *Miranda* rights orally and fully confessed to his involvement in the crime. He was cooperative and remorseful, but did not identify anyone else involved in the robbery. In a line-up conducted a few hours after the robbery, three eyewitnesses identified McKinney as the gunman. (These witnesses also identified McKinney at trial).

On May 12, 1992, the grand jury returned a three-count indictment, which charged McKinney and his co-defendant, Oscar Bryant, with conspiracy in violation of 18

---

* Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation.

U.S.C. § 371 (Count One); armed bank robbery in violation of 18 U.S.C. § 2113(a)(d) (Count Two); and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count Three).[1] McKinney initially pled not guilty to all counts. The district court denied his motion to suppress the money seized during the search of the duffel bag, and the case proceeded to trial.

Prior to jury selection, McKinney's counsel tried to change McKinney's plea on Counts Two and Three to guilty.[2] The court put him off, however, and stated that taking a plea would unduly delay the proceedings.[3] After jury selection but immediately prior to the opening statement, McKinney asked to speak to the judge directly. His comments indicate that he thought he had already pled guilty, or at the least that he wished to do so:

THE COURT: Mr. McKinney, what is it that you have to say.

MR. MCKINNEY: I would prefer to speak to you in private on the matter. Because it's a lot of things I do not understand and I'm able to decide what way I would like to plead. Although, I have pled, if you know what I mean.

THE COURT: No, you've entered a plea of not guilty.

MR. MCKINNEY: Well, see, it's a lot of things I do not understand in me doing so.

THE COURT: You don't have to say or do anything. You know that much, don't you?

MR. MCKINNEY: Excuse me?

THE COURT: You don't have to say or do anything; you know that much, don't you?

MR. MCKINNEY: Well, I prefer to do what's right. I've already wronged myself.

I don't prefer to keep on putting myself in the worse situation. (RT 184).

The Court responded "we can't take the time now for you to have a private session with the Court ... we've got to keep on going. And I don't know of any reason why we need to stop this minute to answer those questions."

Thwarted in his attempts to plead guilty, McKinney put the government to its proof at trial. He only put on one witness of his own, however. His examination of this witness, a teller who was working at the bank at the time it was robbed, covered less than three pages in the reporter's transcript and served no particular purpose.[4] McKinney asked the witness several questions about her opportunity to observe the robbers and about her identification of a suspect at the subsequent line-up. He did not offer any exculpatory evidence.

The jury returned guilty verdicts on all three counts. Despite McKinney's confession, assistance to authorities, and attempts to plead guilty, the court, at sentencing, denied him a two-level reduction for acceptance of responsibility. Instead, it adopted the presentence report's conclusion that McKinney was not entitled to an acceptance of responsibility reduction because he contested his guilt at trial. The court calculated the offense level for Counts One and Two at 23. Combined with McKinney's criminal history category of I, this offense level yielded a guideline range of 46 to 57 months. Conviction on Count Three resulted in a mandatory consecutive 5–year term. *See* 18 U.S.C. § 924(c)(1). The court imposed concurrent 46–month terms on Counts One and Two,

---

1. Count Three also alleged that the gun used in the robbery was subject to forfeiture under 18 U.S.C. § 924(d)(1).

2. The record does not indicate why McKinney's counsel limited his request to Counts Two and Three. However, we note that guilt on these counts would almost necessarily entail guilt on Count One.

3. "MR. MILLER [Counsel for Mr. McKinney]: I was—I was successful in talking him out of it for yesterday. I have not been successful today and so we are going to enter a guilty. THE COURT: All right. Well, I don't have the time to take it

now in view of the fact that we have another jury out deliberating, and it's past the 10:00 o'clock start time on this case and I have a jury panel waiting. And it takes me twenty or so minutes to do that. So I'm going to proceed with jury selection in the case and if we have some time over the noon hour we can accomplish that.

But I decline to take it at this time. I'd like to get started."

4. The witness was a bank teller who simply testified that she observed one of McKinney's co-defendants. She did not testify one way or the other as to McKinney's participation in the robbery.

and a consecutive 60–month term on Count Three, for a total sentence of 106 months. McKinney filed a timely appeal. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

## II.

■ The 1991 version of the Sentencing Guidelines [5] provides for a two-level reduction "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. § 3E1.1(a) (1991). On appeal, McKinney argues that he is entitled to a two-level reduction for acceptance of responsibility because prior to trial he confessed, attempted to plead guilty, and expressed contrition for his acts. The district court denied McKinney's request for this reduction because McKinney did not plead guilty but instead put the government to its proof at trial. We conclude that the district court clearly erred in determining that McKinney was not entitled to the reduction.[6]

■ A defendant is not required to plead guilty to receive the acceptance of responsibility reduction. *See* U.S.S.G. § 3E1.1(b) (1991) ("A defendant may be given consideration under this section without regard to whether his conviction is based on a guilty plea or a finding of guilt by the court or a jury...."). Although the commentary to Section 3E1.1 states that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section," U.S.S.G. § 3E1.1 cmt. 3 (1991),[7] nothing in the guidelines requires a defendant to plead guilty in order to receive the reduction. *See United States v. Gonzalez,* 897 F.2d 1018,

1020 (9th Cir.1990). Indeed, were a defendant *required* to plead guilty to be entitled to the reduction, the sentencing guidelines would penalize the exercise of the constitutional right to go to trial. *See United States v. Johnson,* 956 F.2d 894, 904 (9th Cir.1992). Where a defendant manifests a genuine acceptance of responsibility for his actions, he is entitled to the reduction even if he does not plead guilty. *See* U.S.S.G. § 3E1.1 cmt. 2 ("Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction.").

■ We conclude that this is one of the unusual cases in which a defendant is entitled to an acceptance of responsibility reduction despite having pleaded not guilty. McKinney attempted to plead guilty before trial. After this attempt was rebuffed, he exhibited a significant amount of confusion regarding his plea status and sought to discuss his situation with the court. The district court refused, saying "we've got to keep on going." There is little doubt that McKinney would have entered a guilty plea had the trial judge afforded him an opportunity to do so. Moreover, once at trial, McKinney put on the most minimal and perfunctory of defenses. He did not raise an affirmative defense or even put on a witness to contest a material part of the government's case. He relied almost exclusively on his counsel's elementary questioning on cross-examination. This is hardly the kind of defense that refutes the strong inference that McKinney accepted responsibility.

■ In addition, at least three of the factors listed in the application notes to section 3E1.1 support McKinney's entitlement to the reduction:[8] (1) "voluntary and truthful admission to authorities of involvement in the offense and related conduct" U.S.S.G. § 3E1.1 cmt. 1(c) (1991); (2) "voluntary as-

---

**5.** The 1991 Sentencing Guidelines were in effect at the time of McKinney's original sentencing.

**6.** We review for clear error a district court's determination that a defendant is not entitled to a reduction in his offense level for acceptance of responsibility. *United States v. Gonzalez,* 897 F.2d 1018, 1019 (9th Cir.1990).

**7.** *See also* U.S.S.G. § 3E1.1 comment. 2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of

proof at trial by denying the essential elements of guilt, is convicted, and *only then* admits guilt and expresses remorse.") (emphasis added).

**8.** Although McKinney did not plead guilty, the district court was still obliged to assess his conduct in light of the "appropriate considerations" listed in the application notes. *See* U.S.S.G. § 1B1.7 ("Failure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal."); *Stinson v. United States,*

sistance to authorities in the recovery of the fruits and instrumentalities of the offense" U.S.S.G. § 3E1.1 cmt. 1(e) (1991); and (3) "the timeliness of the defendant's conduct manifesting acceptance of responsibility" U.S.S.G. § 3E1.1 cmt. 1(g) (1991). Immediately after his arrest, McKinney truthfully identified himself and told the arresting officers where the gun used in the robbery was located. At the police station, he confessed to committing the robbery and explained how he acquired the gun used in the robbery. McKinney's assistance to the authorities strongly indicates that he deserved the two-level reduction.

The government argues, and the district court appeared to assume, that a defendant who goes to trial can only receive the reduction if the trial is limited to issues unrelated to factual guilt.[9] This argument relies on a passage from the application notes, which states that:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

U.S.S.G. § 3E1.1 cmt. 2 (1991). Although the application notes list only this single example of a case where a defendant can receive the reduction despite going to trial, the quoted passage itself makes clear that the example was not intended to be exhaustive. We hold that, in appropriate circumstances the reduction is also available in cases in which the defendant manifests genuine contrition for his acts but nonetheless contests his factual guilt at trial.

— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."); *United States v. Anderson*, 942 F.2d 606, 612 (9th Cir.1991) (stating that "the commentary is entitled to considerable weight, more so than ordinary legislative history, in interpreting the guidelines"). The district court's failure to consider these factors constitutes clear error,

■ Our focus on the defendant's personal contrition, rather than on his exercise of his constitutional rights, best serves the purposes of the acceptance of responsibility reduction. The primary goal of the reduction is to reward defendants who are genuinely contrite. *See* U.S.S.G. § 3E1.1 commentary and background; *United States v. Wivell*, 893 F.2d 156, 158 (8th Cir.1990). In the ordinary case, a defendant who pleads not guilty and is convicted will have a difficult time convincing the court that his subsequent acceptance of responsibility for his actions is anything but a self-serving and insincere expression. Where the defendant's statements and conduct make it clear that his contrition is sincere, however, he is entitled to the reduction even if he is convicted after a trial. McKinney's confession, assistance to authorities, and attempts to plead guilty make his sincere contrition clear beyond all measure. We conclude that the district court misconstrued the applicable guidelines and clearly erred in denying him the reduction.

We have found the acceptance of responsibility reduction appropriate in cases where the defendants' contrition seemed far less genuine than McKinney's. For example, in *United States v. Johnson*, 956 F.2d 894, 904 (9th Cir.1992), we vacated a sentence and instructed the district court to consider whether a defendant was entitled to the reduction where she pled not guilty only because she could not obtain a favorable plea bargain. Unlike McKinney, the defendant in *Johnson* could have entered a plea of guilty any time she wanted to; she only *chose* not to because she could not strike a deal on favorable terms. *See also United States v. Rodriguez*, 975 F.2d 999, 1008 (3rd Cir.1992) (vacating sentence for consideration of acceptance of responsibility reduction where defendants had gone to trial after the govern-

*see United States v. Sullivan*, 916 F.2d 417, 420 (7th Cir.1990), and is an independent basis for our decision.

**9.** Such an argument seems particularly misplaced in this case. Once the Court rejected his attempt to plead guilty, McKinney had little choice but to require the government to carry its burden of proof. McKinney's confession, assistance to authorities, and attempts to plead are more than enough to rebut any inference that his putting on a defense at trial manifested a lack of remorse.

ment revoked its plea bargain agreement). In *United States v. Hill*, 953 F.2d 452, 461 (9th Cir.1991), we upheld a grant of the reduction because the district court found that the defendant was sincerely contrite despite the fact that his expression of remorse came at the "eleventh hour"—his sentencing hearing. McKinney, by contrast, expressed remorse for his conduct soon after his arrest, in his confession statement, in open court at trial, *and* at his sentencing hearing.

■ McKinney's failure to attempt to plead guilty to the conspiracy count does not change this analysis. Because a guilty plea is not a prerequisite for entitlement to the reduction, the failure to attempt to plead guilty to one count in a multiple count indictment is not fatal. McKinney clearly admitted and accepted responsibility for all of the culpable actions of which he was accused. The two charges to which he attempted to plead guilty formed the core of the government's case. He admitted to armed bank robbery and using a weapon during a crime of violence, and he helped the police find the weapon used in the crime. Because it was undisputed that several people took part in the bank robbery, the admissions McKinney made were tantamount to an admission that he committed the conspiracy offense as well.

In any event, it is rare that a defendant pleads guilty to every count in the indictment. Were the grant of an acceptance of responsibility reduction contingent on a defendant's doing so, we would almost never be in a position to grant that reduction. Under these circumstances, it was inconsistent with the purposes of the acceptance of responsibility provision for the district court to deny it to McKinney.

■ Even if McKinney's failure to plead guilty to the conspiracy charge was motivated by a conscious decision not to incriminate his co-conspirators, his actions were still consistent with a sincere acceptance of responsibility for *his own* conduct. The presentence report stated that McKinney "indicate[d]

that he cannot place the blame of his behavior on others, as it was he that made the mistake." Even though McKinney apparently did not attempt to plead guilty to conspiracy and refused to incriminate his co-conspirators when questioned by the FBI, a reduction in his offense level is still warranted under Section 3E1.1. This section focuses on the defendant's sincere remorse for his own conduct, not his assistance to authorities in incriminating others.[10] The section itself refers only to the defendant's "recognition and affirmative acceptance of *personal* responsibility for *his* criminal conduct," U.S.S.G. § 3E1.1(a) (1991) (emphasis added), and the factors listed in the application notes similarly relate exclusively to the defendant's manifestations of contrition for his own conduct. *Cf. United States v. Gonzalez*, 6 F.3d 1415, 1420–21 (9th Cir.1993) (stating that § 3E1.1 requires a defendant only to recognize and accept personal responsibility for his criminal conduct and not to tell authorities truthfully the reasons he committed his crimes), *as amended.* A defendant's degree of assistance in the prosecution of a codefendant is relevant only to his entitlement for a departure for substantial assistance under § 5K1.1. Where the defendant's refusal to assist authorities in the prosecution of his codefendants does not detract from his clear contrition for his own actions, he is still entitled to the acceptance of responsibility reduction.

Because we conclude that the district court clearly erred in denying McKinney a two-level reduction for acceptance of responsibility, we vacate McKinney's sentence and remand for resentencing. On remand, the district court should resentence McKinney in accordance with the guidelines in effect at resentencing. *See United States v. Sweeten*, 933 F.2d 765, 772 (9th Cir.1991). In addition to granting him the two-level reduction, the district court should consider whether McKinney is entitled to an additional one-level reduction under the current version of the guidelines. The current version of sec-

---

10. This case is not like *United States v. Ford*, 989 F.2d 347, 352–353 (9th Cir.1993). There, the court, in denying acceptance of responsibility, relied on the defendant's ongoing concealment of records which provided crucial evidence of *his own* culpability. Here, by contrast, McKinney clearly admitted his own culpability, and he

helped authorities uncover evidence of it. The government takes issue only with his lack of enthusiasm for incriminating his codefendants. Incrimination of codefendants is not the focus of section 3E1.1, however; acceptance of personal responsibility is.

tion 3E1.1 provides for this additional one-level reduction in the offense level where "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by ... timely providing complete information to the government concerning his own involvement in the offense...." U.S.S.G. § 3E1.1(b)(1) (1993). Although the decision is up to the district court in the first instance, we note that McKinney's cooperation with authorities in providing the location of the gun used in the robbery and his immediate, voluntary confession weigh heavily in favor of his entitlement to this additional decrease in his offense level.

VACATED and REMANDED.