52 F.3d 1123
 311 U.S.App.D.C. 278
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Sani M. COKER, Appellant.
 Nos. 94-3104, 93-3123.
 United States Court of Appeals, District of Columbia Circuit.
 April 11, 1995.
 
 Before: EDWARDS, Chief Judge; SILBERMAN and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court had determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the conviction and sentence appealed from and the district court's order filed May 23, 1994, denying appellant's section 2255 motion to vacate sentence, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The district court's determination whether a defendant has "clearly demonstrated acceptance of responsibility", thereby warranting a reduction in his base offense level, is a mixed question of law and fact which this court reviews under a due deference standard. See United States v. Kim, 23 F.3d 513, 517 (1994). The district court's factual findings on this issue will be affirmed unless clearly erroneous. Id.; United States v. Reid, 997 F.2d 1576, 1580 (D.C.Cir.1993).
 
 
 5
 The district court found that although appellant made an incriminating statement, he attempted to minimize his responsibility insofar as he attributed his involvement to being in the wrong place at the wrong time. The court also found that appellant made no attempt to plead guilty prior to the commencement of trial, that he proceeded to trial to put the government to its burden of proof rather than to preserve a legal issue for appellate review, and that he offered to plead guilty during the course of trial only after hearing the government's incriminating wiretap evidence.
 
 
 6
 The district court's factual findings are not clearly erroneous, and, reviewing its application of U.S.S.G. Sec. 3E1.1 to those facts under the due deference standard, there is no basis to reject its conclusion that appellant did not "clearly demonstrate acceptance of responsibility."
 
 
 7
 The record does not support appellant's assertion that the district court gave undue weight to his comment that he "was in the wrong place at the wrong time." Rather the record indicates that the court considered appellant's entire statement along with his failure to plead guilty prior to the commencement of trial. Appellant's argument that the district court, in reviewing his statement, was entitled to consider only the incriminating remarks but not the remarks limiting his involvement is without merit.
 
 
 8
 Also without merit is appellant's argument that the district court, in relying on his failure to plead guilty, punished him for exercising a constitutional right. "The Guidelines explicitly tell judges that they normally should deny the two-point reduction to a defendant who does not plead guilty ... [and] numerous courts considering this matter have upheld the Guideline direction to draw this distinction." United States v. Jones, 997 F.2d at 1478 (citations omitted). The record shows that appellant did not proceed to trial in order to preserve an important legal issue for appeal; therefore, the district court correctly concluded that this was not one of the rare cases in which a defendant who went to trial was nonetheless entitled to an adjustment for acceptance of responsibility.
 
 
 9
 Furthermore, there is no support for appellant's argument that Application Note 2 automatically exempts a defendant who gives an incriminating statement upon arrest from the presumption against granting him a reduction for acceptance of responsibility if he goes to trial. Application Note 2 advises against granting such a reduction to a defendant who fails to admit guilt and express remorse until after trial. Whether a defendant has both admitted guilt and expressed remorse before trial is a factual determination to be made by the district court and will not be disturbed unless clearly erroneous. See Kim, 23 F.3d at 517; Reid, 997 F.2d at 1580. There is no basis to hold that giving an incriminating statement is in and of itself an admission of guilt and an expression of remorse sufficient to justify a reduction for acceptance of responsibility. In this case, the district court's findings do not support a conclusion that appellant both admitted guilt and expressed remorse pretrial.
 
 
 10
 Nor do the cases cited by appellant hold that the district court was required to grant him a reduction for acceptance of responsibility because he gave an incriminating statement upon arrest. This case is clearly distinguishable from United States v. McKinney, 15 F.3d 849 (9th Cir.1994), the case chiefly relied upon by appellant. In McKinney, the district court had denied the defendant a reduction for acceptance of responsibility based on the erroneous conclusion that the Guidelines prohibited granting this adjustment to any defendant who went to trial. 15 F.3d at 851. In addition, the defendant had assisted police recover the gun used in the offense, had given a statement upon arrest that both admitted guilt and expressed remorse, and had attempted to plead guilty before trial but was prevented from doing so by the district court. Id. at 850-51.
 
 
 11
 The other cases relied upon by appellant, e.g., United States v. Moore, 968 F.2d 216, 224 (2d Cir.), cert. denied, 113 S.Ct. 480 (1992), and United States v. Fleener, 900 F.2d 914 (6th Cir.1990), hold only that it is within a district court's discretion to grant a reduction for acceptance of responsibility to a defendant who admits guilt upon arrest and who goes to trial.
 
 
 12
 Finally, there is no basis for holding that any defendant who gives an incriminating statement upon arrest is entitled to a reduction for acceptance of responsibility. Although the Guidelines are intended to reduce disparities in sentencing, they are not meant to foreclose all exercises of discretion. U.S.S.G. Sec. 3E1.1 specifically grants district courts discretion in deciding whether to reduce a defendant's offense level based on acceptance of responsibility, and this court lacks authority to remove that discretion.