142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Irvin OLIVERAS-MEDRANO, Defendant-Appellant.
 No. 97-50335.
DC No. CR-96-00127-GLT-03.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted** April 10, 1998.
Decided April 29, 1998.
 
 Appeal from the United States District Court Central District of California Gary L. Taylor, District Judge, Presiding.
 Before GIBSON,*** SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Irvin Oliveras-Medrano was arrested after he attempted to sell a confidential informant a vacuum cleaner filled with five pounds of methamphetamine. A jury found Oliveras-Medrano guilty of conspiracy to possess with intent to distribute methamphetamine, see 21 U.S.C. §§ 841(a)(1), 846 (1994), possession of methamphetamine with intent to distribute, see 21 U.S.C. § 841(a)(1), and use of or carrying a firearm during and in relation to a drug trafficking crime, see 18 U.S.C. 924(c)(1) (1994). The district court sentenced Oliveras-Medrano to a 248-month term of imprisonment. Oliveras-Medrano appeals the district court's refusal to grant him a three-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1.
 
 
 3
 We review a district court's decision whether to grant a reduction for acceptance of responsibility for clear error. See United States v. Felix, 87 F.3d 1057, 1060 (9th Cir.1996). Section 3E1.1 provides for a two-level downward adjustment '[i]f the defendant clearly demonstrates acceptance of responsibility for his offense.' U.S.S.G. § 3E1.1(a). Although conviction by trial does not automatically preclude a defendant from receiving a downward adjustment, see id. at commentary note 2, "[i]n the ordinary cases, a defendant who pleads not guilty and is convicted will have a difficult time convincing the court that his subsequent acceptance of responsibility for his actions is anything but a self-serving and an insincere expression," United States v. McKinney, 15 F.3d 849, 853 (9th Cir.1994).
 
 
 4
 Oliveras-Medrano asserts several reasons the district court erred in failing to grant the reduction: (1) he made a timely confession following his arrest; (2) he went to trial by "force" because the government refused to drop his gun charge; and (3) he expressed his remorse following his guilty verdict. We conclude that any admission of guilt or expressions of remorse by Oliveras-Medrano were "self serving and insincere," and did not warrant a reduction. Id.
 
 
 5
 Following his arrest, Oliveras-Medrano first told agents form the Drug Enforcement Agency ("DEA") that he attempted to sell the gun he was carrying but had no involvement in attempting to sell methamphetamine. Only after the DEA agents told him they knew he was not telling the truth because they observed him attempting to sell methamphetamine, did Oliveras-Medrano confess his true involvement. Furthermore, at Oliveras-Medrano's trial, his attorney argued, both in opening and closing statements, that Oliveras-Medrano confessed under pressure and that he was attempting to sell the gun but not methamphetamine.
 
 
 6
 Additionally, Oliveras-Medrano's attempt to plead guilty had nothing to do with accepting responsibility for his crimes. Rather, as found by the district court, his attempt to plead guilty "had only to do with him wanting to get a deal."
 
 
 7
 Finally, we are unpersuaded by Oliveras-Medrano's claim that his statements following his guilty verdict "clearly demonstrate[d] his acceptance of responsibility." U.S.S.G. § 3E1.1. A letter from Oliveras-Medrano to the district court stated, "Your Honor, I am writing to you as a recommendation of my attorney.... I remember that in one of my appearances in court, I told you that I want[ed to] plead guilty and before you I admit my guilt and express my remorse." Oliveras-Medrano made the following statement to the district court just prior to the imposition of his sentence: "They told me they were going to pay me to take that vacuum cleaner from one place to the other, and that's all I did and that's the biggest error that I have ever done in [my] life." Id. at 6. This statement does not indicate a sincere attempt to accept responsibility, nor do any of Oliveras-Medrano's other words or actions. Because the district court did not clearly err in determining that Oliveras-Medrano was not entitled to a reduction for acceptance of responsibility, we affirm.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3