145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Jesus VASQUEZ-ORTIZ, Defendant-Appellant.
 No. 97-50425.
D.C. No. CR-96-00873-BTM.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 18, 1998.
 
 Appeal from the United States District Court for the Southern District of California Barry T. Moskowitz, District Judge, Presiding.
 Before SCHROEDER, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Vasquez-Ortiz, who was convicted by a jury for possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841, appeals the 63-month sentence imposed by the district court. Our review is for clear error, United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994), and we affirm.
 
 
 3
 Vasquez-Ortiz first contends the district court erred in computing his base offense level under U.S.S.G. § 1B1.3 based on the total amount of marijuana seized during his arrest, because he should only be deemed responsible for the one parcel of marijuana which he carried across the New River into the United States.
 
 
 4
 Under the Guidelines, where a defendant has participated in jointly undertaken criminal activity, he is accountable for the conduct of others that was both in furtherance of the jointly undertaken criminal activity and reasonably foreseeable by the defendant. U.S.S.G. § 1B1.3(a)(1)(B); U.S.S.G. § 1B1.3, comment. (n.2). Here, the district court properly deemed Vasquez-Ortiz responsible for the total quantity of marijuana being transported, because he knew there were other couriers, and couriers are responsible for the aggregate amount of the marijuana between them. See Ogbuehi, 18 F.3d at 814.
 
 
 5
 Vasquez-Ortiz also contends the district court erred by denying him a two-level downward adjustment in sentence for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.
 
 
 6
 The acceptance of responsibility adjustment under U.S.S.G. § 3E1.1 generally is not intended to apply to a defendant who puts the government to its burden of proof at trial, is convicted, and only then admits guilt. U.S.S.G. § 3E1.1, comment. (n.2). While proceeding to trial does not automatically preclude a defendant from consideration for an acceptance of responsibility reduction, only in the unusual case will such an adjustment be warranted absent a guilty plea. Id.; see also United States v. McKinney, 15 F.3d 849, 852 (9th Cir.1994). Here, Vasquez-Ortiz contends he went to trial on a duress defense, and should not be penalized for doing so. We conclude this is not an unusual case and the district court did not err by denying the sentence reduction. See id.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3