**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mario ALVARADO, Defendant— Appellant.**

No. 02–10099.

D.C. No. CR–01–00461–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 20, 2002.*

Decided Jan. 17, 2003.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

MEMORANDUM**

Mario Alvarado ("Alvarado") appeals his 21 month sentence following his guilty plea to one count of subscribing to a false tax return in violation of 26 U.S.C. § 7206(1). Alvarado contends that the district court erred in denying a two-level reduction in offense level for acceptance of responsibility. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate his sentence and remand for resentencing.

Whether a defendant has accepted responsibility is a factual determination which we review for clear error. *United States v. Fisher,* 137 F.3d 1158, 1167 (9th Cir.1998).

Following his indictment, Alvarado entered into a plea agreement in which the government agreed to recommend a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, should the probation officer make such a recommendation. The probation officer subsequently recommended the two-level reduction for acceptance of responsibility. The defendant wrote a letter to the court and stated at sentencing that he knew he "did wrong" and took "full responsibility for my actions." The government recommended the two-level reduction for acceptance of

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

responsibility and joins in the defendant's argument on appeal that the district court erred in denying the reduction.

Whether a defendant has accepted personal responsibility is a factual determination, albeit requiring an inquiry into the defendant's "genuine contrition." *See United States v. McKinney,* 15 F.3d 849, 853 (9th Cir.1994). From the record reviewed as a whole, Alvarado presented facts indicating that he accepted responsibility for the crime to which he pled guilty. *See* U.S.S.G. § 3E1.1, comment. (n.3). There is no evidence contrary to his claim of acceptance of responsibility.

If the district court had specific reasons for denial of the adjustment, the reasons are not apparent on this record. The fact that Alvarado claimed he was sick and could not locate his records is not contradictory to his admission that he acted willfully in filing a false tax return.

Because Alvarado has presented uncontroverted evidence sufficient for a two-level reduction in offense level for acceptance of responsibility, we vacate the sentence and remand for resentencing in accordance with this holding. *See United States v. Flores,* 93 F.3d 587, 590–91 (9th Cir.1996).

SENTENCE VACATED; REMANDED FOR RESENTENCING.