**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ruffy A. ALVAREZ, Defendant—
Appellant.**

**No. 02–30076.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2003.*

Decided Aug. 19, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Ruffy Alvarez was convicted by a jury for conspiracy to distribute over five hundred grams of cocaine in violation of 21 U.S.C. § 846 and sentenced to seventy months in prison, the lowest sentence in the applicable sentencing range. He argues that he played a minor role in the offense and accepted responsibility for his crime, and that the district court therefore erred in not adjusting his sentence downward. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The Sentencing Guidelines require that a defendant be "less culpable than most other participants" to receive a downward adjustment for playing a minor role.

USSG § 3B1.2 cmt.4. A district court's determination that a defendant does not qualify for minor participant status is highly fact-dependent, and we overturn such a finding only if it is clearly erroneous. *United States v. Ladum*, 141 F.3d 1328, 1348 (9th Cir.1998); *see also United States v. Howard*, 894 F.2d 1085, 1088 (9th Cir. 1990) (holding that a defendant's status as a minor participant is a factual, not legal, conclusion). The defendant must prove by a preponderance of the evidence that he was substantially less culpable than the average co-participant, and adjustments for playing a minor role are to be used infrequently. *Ladum*, 141 F.3d at 1348. The district court relied on specific facts in making its determination, such as the fact that Alvarez gave instructions to his co-defendant, and found that his degree of participation was neither an aggravating nor a mitigating factor. We cannot say that this conclusion was clearly erroneous. *See Ajala v. United States Parole Comm'n*, 997 F.2d 651, 656 (9th Cir.1993) (noting that "[t]he mere fact that a defendant acted as a drug courier does not mean his role was . . . minor").

The fact that the judge compared Alvarez's participation with two rather than three co-participants does not persuade us otherwise. Although the judge must consider the relative culpability of all participants in the scheme, not just those brought to trial, *United States v. Rojas–Millan*, 234 F.3d 464, 473 (9th Cir.2000), it was not clear from the record whether another party in fact existed. The judge stated during the sentencing hearing that "there's no way I can find that Alvarez is less culpable than *most* of the people that the records show were participants here." (Emphasis added.) Because the court was not relying on Alvarez's being as culpable

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

as, or more culpable than, *all* of the other participants, the addition of one extra participant would not change the calculus. Because the court adequately addressed Alvarez's participation and weighed the facts, we decline to hold that the court's findings were clearly erroneous. *See Howard*, 894 F.2d at 1088–89 (upholding district court's refusal to grant downward adjustment in part because there were "sufficient facts" on which the district court relied).

We also review for clear error the district court's factual determination with respect to acceptance of responsibility, *United States v. Cortes*, 299 F.3d 1030, 1037 (9th Cir.2002), and we reverse only if the district court's "account of the evidence is [im]plausible in light of the record viewed in its entirety," *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir.1997) (citations omitted); *see also* USSG § 3E1.1 cmt. 5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").

■ The Sentencing Guidelines permit a downward adjustment if the "defendant *clearly* demonstrates acceptance of responsibility for his offense." USSG § 3E1.1 (emphasis added). One of the major factors to be considered is the timeliness of the defendant's indication of acceptance of responsibility; the downward adjustment is intended in part to reward defendants who spare the government the time and effort of going to trial. *See* USSG 3E1.1 cmt. 1(h); *United States v. Flores*, 93 F.3d 587, 590 (9th Cir.1996). Alvarez did not attempt to plead guilty until the morning of the trial, at which point the government had already expended significant time and energy in preparing for trial. Morever, this case does not resemble the unusual situation in *United States v. McKinney*, 15 F.3d 849 (9th Cir.1994), in which the defendant, who was denied a request to plead guilty by the judge, nevertheless amply demonstrated both remorse and cooperation in the period leading up to the trial.

In addition, although Alvarez's exercise of his constitutional rights may not in itself be held against him, his decision to put the government to its burden of proof may be taken into consideration, as noted above, and his decision not to speak with the presentence investigator limited the available evidence on acceptance of responsibility. *See United States v. Vance*, 62 F.3d 1152, 1157 (9th Cir.1995) (holding that "exercise of a constitutional right cannot be held against a defendant for purposes of the adjustment, although it may reduce the amount of evidence in his favor"). Similarly, while Alvarez was within his rights not to answer the prosecutor's questions during the sentencing hearing, his silence reduced the amount of evidence available for the judge to take into consideration. Even had the judge called Alvarez's trial counsel, his testimony would have addressed only Alvarez's interest in pleading guilty on the day of the trial, evidence that was already in the record, rather than providing additional evidence regarding Alvarez's acceptance of responsibility.

Finally, Alvarez's statements during the sentencing hearing indicate that his desire to plead guilty stemmed primarily from his conclusion that he would receive a lesser sentence, not from a sense of contrition. *See McKinney*, 15 F.3d at 853 ("The primary goal of the reduction is to reward defendants who are genuinely contrite.").

AFFIRMED.