**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Timothy Lowell KNOPFLE,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellant,**

v.

**Timothy Lowell Knopfle, Defendant—
Appellee.**

Nos. 03–30012, 03–30013.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Decided March 5, 2004.

112

Matthew J. Sanders, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena, MT, Melissa Har-

rison, Federal Defender, Missoula, MT, for Defendant–Appellant/Defendant–Appellee.

Kris A. McLean, Esq., Office of The U.S. Attorney, Missoula, MT, Matthew J. Sanders, U.S. Department of Justice, Environment and Natural Resources Div., Washington, DC, for Plaintiff–Appellant.

Before: TROTT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM [*]

Timothy Knopfle ("Knopfle") appeals his conviction for knowingly discharging oil into Flathead Lake in Montana and for failing to notify the appropriate federal authorities of the discharges under the Clean Water Act. *See* 33 U.S.C. §§ 1321(b)(3), 1321(b)(5), 1319(c)(2)(A). The government cross-appeals the district court's sentence, challenging the district court's decision to grant Knopfle a two-level downward adjustment for acceptance of responsibility and to sentence Knopfle to community confinement in lieu of imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.[1]

### I. Knopfle's Appeal

#### A. Constructive Amendment

■ Knopfle argues that the dismissal of the charges against Advanced Docks and Decks, Inc. ("the Corporation") constituted a constructive amendment. We review *de novo* Knopfle's claim of constructive amendment. *United States v.*

*Adamson,* 291 F.3d 606, 612 (9th Cir. 2002).

An indictment is constructively amended when "(1) there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument, or (2) the crime charged [in the indictment] was substantially altered at trial...." *Id.* at 615 (internal quotation marks omitted). In this case, the only change between the indictment and the ultimate question presented to the jury was in the number of defendants, which is "but one set of facts with a single divergence...." *Id.* at 616. That single divergence did not deprive Knopfle of notice of the charges against him, nor did it alleviate the government's burden of proving its case against Knopfle individually.

In addition, the crimes charged against Knopfle were not "substantially altered at trial." The dismissal of the corporate defendant did not add anything to the charges against Knopfle.[2] None of the elements of the charged offenses changed with the Corporation's dismissal. Nor did the government's theory about the sequence of events surrounding the spills change in any way. Even after the Corporation was dismissed, nothing prohibited Knopfle from asserting any and all possible defenses, including arguing to the jury that the Corporation was responsible for discharging the oil and that he was only acting within the scope of his employment.

#### B. Fatal Variance

■ In the alternative, Knopfle argues that the dismissal of the charges against

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. As the parties are familiar with the facts, we restate them only as necessary to explain our decision.

2. "[A] portion of an indictment that the evidence does not support may be withdrawn from the jury, and this is not an impermissible amendment, provided nothing is thereby added to the indictment, and that the remaining allegations charge an offense." *United States v. Dawson,* 516 F.2d 796, 801 (9th Cir.1975) (quoting C. Wright, 1 Federal Practice and Procedure 274–75 (1969)).

the Corporation constituted a fatal variance. "A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984) (quoting *United States v. Cusmano,* 659 F.2d 714, 718 (6th Cir.1981) (emphasis in *Cusmano* )).

Here, the dismissal of the charges against the Corporation did not alter the terms of the indictment or relieve the government of its burden of proof as to Knopfle. Moreover, the evidence presented by the government at trial was consistent with the facts alleged about Knopfle in the indictment.

Thus, we conclude that the Corporation's dismissal did not constitute a constructive amendment or a fatal variance. Indeed, Knopfle fails to demonstrate how he was prejudiced by the dismissal of the Corporation.

### C. Judicial Admission

■ Finally, Knopfle asserts that certain statements by the government during opening and closing arguments should have constituted a judicial admission that Knopfle could have satisfied the notification requirement under 33 U.S.C. § 1321(b)(5) by merely reporting the oil spills to a local authority. We review for an abuse of discretion a district court's refusal to treat a statement as a binding judicial admission. *See American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 227 (9th Cir.1988).

Knopfle's assertion that the government "judicially admitted" that a lower notification requirement existed under 33 U.S.C.

§ 1321(b)(5) is without merit. First, Knopfle's own testimony established that he did not notify anyone, federal or local, about the two spills (Zelezney Bay and Angel Point) for which he was ultimately convicted under 33 U.S.C. § 1321(b)(5). Second, in its arguments, the government only explained that it had exercised prosecutorial discretion in not charging Knopfle with failure to notify the appropriate federal agency about the oil discharge at Woods Bay, because Knopfle at least reported the spill to the local authorities. That statement of fact did not alter, as a matter of law, the type of notification required by 33 U.S.C. § 1321(b)(5).[3] Accordingly, we reject Knopfle's argument that the government's statements constituted a binding judicial admission.

## II. Government's Cross–Appeal

### A. Downward Adjustment for Acceptance of Responsibility

In its cross-appeal, the government argues that the district court erred by granting Knopfle a two-level downward adjustment under United States Sentencing Guideline § 3E1.1 for acceptance of responsibility. "[W]e review for abuse of discretion the district court's application of the sentencing guidelines to the facts." *United States v. Technic Servs., Inc.,* 314 F.3d 1031, 1038 (9th Cir.2002). "Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great deference on review." *United States v. Lindholm,* 24 F.3d 1078, 1087 (9th Cir.1994). *See also* U.S.S.G. § 3E1.1, application n. 5.

■ Here, the record shows that, after the spills, Knopfle helped with recovery

---

**3.** Knopfle conceded this point at trial. When asked by the district court to fashion a jury instruction about the allegedly less demanding notification requirement under 33 U.S.C.

§ 1321(b)(5), Knopfle stated, "Well, I don't know that I can propose one, Judge, without emasculating the law."

and clean-up efforts. He promptly paid for expenses incurred as a result of the spill at Zelezney Bay. He moved his vessel to the more sheltered location at Woods Bay to minimize the risk of future sinking and pollution. When he noticed the oily discharge into Woods Bay, he stopped pumping water and notified local authorities. He went so far as to replace the entire bottom of his tug boat, even though the Environmental Protection Agency gave him less expensive options for repairing his boat. The district court appeared to give more weight to these facts[4] than to Knopfle's protestations that he did not knowingly spill oil into Flathead Lake.

Moreover, after noting Knopfle's demeanor and attitude during sentencing, the district court was persuaded that Knopfle did "accept responsibility in the fashion that … he is required to accept responsibility." The record supports the district court's determination that Knopfle's case is one of those "appropriate circumstances" where a downward adjustment for acceptance of responsibility is available to a "defendant [who] manifests genuine contrition for his acts but nonetheless contests his factual guilt at trial." *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir.1994). Given the great deference accorded to a sentencing court in these matters, we conclude that the district court did not abuse its discretion in granting the two-level downward adjustment for acceptance of responsibility.

### B. Substitution of Community Confinement

The government also cross-appeals the district court's substitution of community confinement for the mandatory minimum term of imprisonment. "The sentencing court's interpretation and application of the Sentencing Guidelines are reviewed de novo." *United States v. Chastain*, 84 F.3d 321, 324 (9th Cir.1996).

■ The district court sentenced Knopfle to four months home detention and four months imprisonment, but ordered that the term of imprisonment be served "at a community confinement facility." However, the plain language and structure of United States Sentencing Guideline § 5C1.1 makes clear that community confinement and imprisonment are not fungible forms of punishment. *See United States v. Latimer*, 991 F.2d 1509, 1511–14 (9th Cir.1993). In the case of Zone C offenders like Knopfle, community confinement may only be substituted for imprisonment, "provided that *at least one-half of the minimum term* is satisfied by imprisonment." U.S.S.G. § 5C1.1(d)(2) (emphasis added). In Knopfle's case, that means that he must serve a minimum of four months in prison. Therefore, we vacate the district court's four-month sentence to a community confinement facility and remand with directions that Knopfle be committed to the custody of the Bureau of Prisons for a term of four months. Knopfle's conviction and sentence are affirmed in all other respects.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

4. In determining whether to grant a downward adjustment for acceptance of responsibility, the district court may consider, among other facts, whether the defendant voluntarily paid restitution prior to the adjudication of guilt, voluntarily assisted authorities in the recovery of the instrumentalities of the offense, and engaged in post-offense rehabilitative efforts. *See* U.S.S.G. § 3E1.1, application n. 1.