**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alberto PADILLA–PEDRAZA,**
**Defendant—Appellant.**

Nos. 03–10348, 03–10349.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Robert A. Bork, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John C. Lambrose, Esq., Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Alberto Padilla–Pedraza appeals the 77–month sentence imposed following his conviction by jury trial for unlawful reentry following deportation, in violation of 8 U.S.C. § 1326, and the consecutive 6–month sentence imposed following his admission to violating the terms of his supervised release for a prior conviction of bank robbery. We have jurisdiction pursuant to 18 U.S.C. § 3742. We affirm in part and vacate in part.

Padilla–Pedraza contends that the district court erred when it denied his request for a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We agree. We review de novo whether a district court misapprehended the law, and we review for clear error its factual determinations with respect to the acceptance of responsibility reduction. *See United States v. Cortes,* 299 F.3d 1030, 1037 (9th Cir.2002), *cert. denied,* 537 U.S. 1224, 123 S.Ct. 1333, 154 L.Ed.2d 1084 (2003). The government incorrectly contended at sentencing that Padilla–Pedraza's decision to go to trial for a

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

reason other than to assert or to preserve a legal issue not related to factual guilt "disqualifie[d]" him from consideration for the reduction, *see United States v. McKinney*, 15 F.3d 849, 852–53 (9th Cir.1994), and the district court appeared to simply accept this argument. Because the record fails to make clear whether the district court recognized that Padilla–Pedraza's decision to go to trial to contest an issue related to factual guilt was not a *per se* bar to receiving the § 3E1.1 adjustment, we vacate his 77–month sentence and remand so that the district court may consider all the relevant factors related to the acceptance of responsibility reduction. *See id.* at 1038–39. We express no opinion on the merits of Padilla–Pedraza's request for this reduction.

We reject Padilla–Pedraza's contention that the district court erred by enhancing his sentence because of his prior conviction for bank robbery. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that *"[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") (emphasis added).

AFFIRMED in part, VACATED and REMANDED in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.