**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jenny SHPIRT, Defendant—Appellant.**

No. 05–50762.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 26, 2006.

Decided July 28, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Becky S. Walker, Esq., Pegeen D. Rhyne, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Victor Sherman, Esq., Sherman & Sherman, Santa Monica, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and CLIFTON Circuit Judges.

## MEMORANDUM *

Jenny Shpirt appeals the district court's denial of her motion for a new trial based on newly discovered evidence and her sentence.[1] We affirm.

■ Shpirt's motion for a new trial was not timely as it was filed months after the verdict was entered. Fed.R.Crim.P. 33(b)(2). The court's ruling on her motion for acquittal on the non-tax-related offenses was not "new evidence" justifying a new trial on the tax counts. Nor did the same lack of evidence apply to the tax counts; as Shpirt conceded at trial, the evidence on these counts was sufficient for conviction. Her argument about spill-over effect is unavailing as she made no motion to sever. And the fact of a judgment of acquittal on the Medicare counts has no bearing on any fact at issue on the tax counts. *United States v. Boulware,* 384 F.3d 794, 805 (9th Cir.2004), is therefore beside the point.

■ The district court did not clearly err in finding that Shpirt had not "clearly demonstrate[d] acceptance of responsibility for [her] offense" as required by U.S.S.G. § 3E1.1. She never accepted responsibility at all. Further, she contested facts at trial. Thus, she neither manifest-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review the denial of the motion for abuse of discretion. *United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995). We review Shpirt's sentence for reasonableness. *United States v. Jennings,* 439 F.3d 604, 607 (9th Cir.2006). The district court's interpretation of the Guidelines is reviewed de novo and its factual determinations made in the course of applying the Guidelines are reviewed for clear error. *Id.*

ed "genuine contrition" nor declined to contest her factual guilt. *United States v. McKinney,* 15 F.3d 849, 853 (9th Cir.1994). In any event, the district court commensurately sentenced Shpirt beneath the Guidelines range. Accordingly, this is not the "unusual case" where a defendant is entitled to an adjustment despite having pleaded not guilty. *Id.* at 852.

■ Neither did the district court clearly err in finding that Shpirt could reasonably foresee that income she failed to report came from criminal activity. U.S.S.G. § 2T1.1(b)(1). Shpirt attended numerous meetings at which Greybor's fraudulent activities were discussed and debated and was involved in Greybor's accounting. The district court's judgment of acquittal was not contrary to this determination because an "acquittal sheds no light on whether a preponderance of the evidence established" the offense. *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). Although Shpirt complains that the district court retracted a previous statement that there was no evidence as to what Shpirt heard at the meetings, the court had discretion to clarify what its prior order meant and to find that, on a preponderance standard, Shpirt was aware of what was going on.

■ The district court's finding that Shpirt was deeply involved in the tax scheme, and so was not a minimal or minor participant for purposes of U.S.S.G. § 3B1.2, is supported in the evidence. She played an integral role in preparing false financial entries and serving as the primary contact for the accountants. That Shpirt's role in the larger (Medicare) scheme was small does not mean that her role in the tax scheme was not significant.

■ Likewise, we are not firmly convinced that the district court incorrectly found that the tax evasion scheme involved sophisticated concealment. U.S.S.G. § 2T1.1(b)(2). There were multiple accountants, false claims of shareholder loans, and, most importantly, use of a shell corporation. U.S.S.G. § 2T1.1(b)(2) cmt. n. 4 (2000). This was "sufficiently more complex" than routine tax evasion to justify application of § 2T1.1(b)(2). *United States v. Aragbaye,* 234 F.3d 1101, 1108 (9th Cir.2000). Shpirt also maintains that the government presented insufficient evidence of the amount of tax loss, but there was ample evidence upon which the district court could find that it was more than $40,000. The court was entitled to credit the IRS expert's testimony that he could account for virtually no legitimate expenditures justifying payments from Greybor to BJSH, and Shpirt's own expert conceded that only if the payments were "real expenses" would it be proper to classify them as income to BJSH rather than to the Shpirts. Accordingly, the district court could disregard the shell corporation and calculate taxes as though the income from Greybor went directly to Shpirt and her husband.

■ Finally, Shpirt submits that the sentence was not reasonable. We disagree. We have discerned no Guidelines error. The court recognized that the Guidelines were advisory, and treated them as such. (Shpirt's sentence was in fact six months below the minimum Guidelines range.) She does not argue that the district court failed to consider any of the 18 U.S.C. § 3553(a) factors. Given the magnitude of her failure to report income in 1999 and 2000, we cannot say that her below-Guidelines sentence was unreasonable.

AFFIRMED.