**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff-Appellee,<br><br>  v.<br><br>MICHAEL ANDREW NELSON, AKA<br>Michael A . Nelson,<br><br>      Defendant-Appellant. | No.   23-10010<br><br>D.C. No.<br>4:21-cr-03127-SHR-BGM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted May 15, 2024[**]
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Defendant-Appellant Michael Andrew Nelson appeals his conviction and

30-month sentence for conspiracy to transport undocumented immigrants for

profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), and (a)(1)(B)(i),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and for transportation of undocumented immigrants for profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(i), and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court correctly found that the Border Patrol agents had reasonable suspicion to stop Nelson's vehicle. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996) ("[A]s a general matter determinations of reasonable suspicion . . . should be reviewed de novo on appeal."). First, the activity occurred in a remote area about three miles north of the Mexico-Arizona border where immigrants are often trafficked and smuggled. Second, Border Patrol agents were already on the lookout for undocumented immigrants they had seen cross the border. Third, the vehicle's appearance and driving pattern were suspicious—the vehicle appeared to be weighed down, which suggested a heavy load and is a common characteristic of smuggling vehicles loaded with people. The vehicle also drove toward a nearby national forest and, before going far, turned around and drove away from the forest—the only attraction in the area. Fourth, the vehicle had a temporary registration tag, which agents knew was something commonly used by smuggling organizations. Lastly, the agents who made the stop had a combined 20 years of experience patrolling that area of the Mexico-Arizona border and had apprehended more than 10,000 undocumented immigrants and over 230 human smugglers. Thus, given the totality of the circumstances, and looking at the

2

facts through the lens of the agents' experience, the facts present were sufficient to establish reasonable suspicion to make an investigative stop. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002) (holding that we must view the facts as a whole); *see also United States v. Valdes-Vega*, 738 F.3d 1074, 1080 (9th Cir. 2013) (en banc) (holding that "a truck with foreign plates driving in a suspicious manner in an area frequented by smugglers" supported reasonable suspicion).

2. The district court properly denied Nelson's motion to dismiss. We apply a two-part test to evaluate whether the government's removal of an undocumented immigrant witness violated the Sixth Amendment right to compulsory process or the Fifth Amendment right to due process: (1) the defendant must make an initial showing that the government acted in bad faith, and (2) the defendant must demonstrate that removal of the witness prejudiced his case. *United States v. Leal-Del Carmen*, 697 F.3d 964, 969–70 (9th Cir. 2012). Nelson has never argued that the government acted in bad faith when it removed four potential witnesses. Accordingly, this claim fails. Because bad faith is a threshold question, we need not address the prejudice prong. *See United States v. Dring*, 930 F.2d 687, 695 (9th Cir. 1991) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988))).

3. The downward adjustment for acceptance of responsibility pursuant to U.S. Sentencing Guideline § 3E1.1(a) "generally is not intended to apply to a defendant," like Nelson, "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017) (quoting U.S. Sent'g Guidelines Manual § 3E1.1 cmt. 2). However, "in appropriate circumstances the reduction is also available in cases in which the defendant manifests genuine contrition for his acts." *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994). "We review for clear error a district court's factual determination whether to reduce a defendant's sentence based on acceptance of responsibility." *United States v. Cortes*, 299 F.3d 1030, 1037 (9th Cir. 2002).

Here, the district court's denial of a downward adjustment for acceptance of responsibility is not clearly erroneous and is supported by the record because Nelson not only denied the elements of the offense at trial, but also based his defense on the premise that he was merely present in the vehicle at issue. *See United States v. Johal*, 428 F.3d 823, 830 (9th Cir. 2005) (holding that "the reduction is inappropriate where the defendant does not admit that he or she had the intent to commit the crime"). Also, although Nelson expressed some regret for his actions in a letter to the district court, the district court did not clearly err by

4

refusing to accept those statements because in the same letter Nelson reiterated what he had said throughout his criminal proceedings—that he did not know he was committing a crime.

Lastly, we reject Nelson's argument that the district court erred by not providing specific reasons for its refusal to grant a downward adjustment for acceptance of responsibility. Because Nelson did not object below to the adequacy of the court's explanation, we review his argument for plain error. *United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010). Nothing in the record suggests that the district court based its decision on impermissible factors and, because the district court considered the Pre-Sentence Report, Nelson's objections, and Nelson's letter to the court, it did not commit plain error. *See United States v. Gambino-Ruiz*, 91 F.4th 981, 992 (9th Cir. 2024) ("[S]o long as 'the district court considered the defendant's objections and did not rest its decision on impermissible factors,' a denial of the adjustment should be upheld even absent a specific explanation of the decision.").

**AFFIRMED.**