**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50485 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00930-RGK-1 |
| v. | |
| JASPERSON CURTIS OGBURN, AKA Jasperson Curtis Ogurn, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 8, 2014
Pasadena, California

Before:  PREGERSON, WARDLAW, and BERZON, Circuit Judges.

Jasperson Curtis Ogburn appeals his conviction under 18 U.S.C. § 2250(a)

for failure to register as a sex offender pursuant to the Sex Offender Registration

and Notification Act ("SORNA").  He also appeals the district court's denial of a

two-level downward sentencing adjustment for acceptance of responsibility under

---

  \*   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

United States Sentencing Guidelines § 3E1.1(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Ogburn's conviction but vacate the sentence imposed by the district court and remand for resentencing.[1]

The district court did not err in rejecting Ogburn's claim that his indictment was duplicitous. The government charged Ogburn with one count of failure to register under SORNA, with the failure to register beginning on or about August 17, 2010, and continuing to on or about May 1, 2012. Although Ogburn traveled in interstate commerce more than once during the charged period, we have held that failure to register or update a registration under SORNA is a continuing offense, *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012), and that an indictment that charges a continuing offense is not duplicitous, *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013).

The district court also was correct in concluding that Ogburn's October 15, 2010 arrest in Minnesota for drug possession did not end his continuing SORNA offense. Although Ogburn was interviewed by Officer Walker of the Minneapolis Police Department's Sex Crimes Unit while in custody, the parties stipulated that Ogburn did not in fact register in Minnesota. There is also no evidence that the

---

[1] The parties are familiar with the facts and law, and we will repeat them here only as necessary for our decision.

information obtained by Officer Walker was available to the public. SORNA provides that a "sex offender *shall register*, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a) (emphasis added). Ogburn's failure to register at all forecloses his claim.[2]

The district court did err in determining that Ogburn was not entitled to a downward adjustment for acceptance of responsibility under Guidelines § 3E1.1(a), solely on the basis that the charge "was not pled to." We have "often noted that 'a judge cannot rely upon the fact that a defendant refuses to plead guilty and insists on his right to trial as the basis for denying an acceptance of responsibility adjustment.'" *United States v. Ochoa-Gaytan*, 265 F.3d 837, 842 (9th Cir. 2001) (quoting *United States v. Mohrbacher*, 182 F.3d 1041, 1052 (9th Cir. 1999)). Ogburn accepted responsibility for each of the elements of the offense and declined to plead guilty only so as to preserve his duplicity argument for appeal, a position he was forced into because, for reasons not apparent from the record, the government would not allow him to plead conditionally. Because

---

[2] Although *United States v. Pietrantonio*, 637 F.3d 865, 870 (8th Cir. 2011) states that a SORNA offense ends upon arrest, the statement was made in dicta and did not specify whether the arrest referred to was for failure to register under SORNA.

Ogburn accepted responsibility for his offense, he was entitled to a two-level reduction for acceptance of responsibility. *See United States v. McKinney*, 15 F.3d 849, 854 (9th Cir. 1994). We therefore vacate Ogburn's sentence and remand for resentencing consistent with this disposition. *See id.*

**AFFIRMED in part, REVERSED in part, and REMANDED.**